19 Cal.Rptr.3d 619 (2004)
34 Cal.4th 397
98 P.3d 876
The PEOPLE, Plaintiff and Respondent,
v.
Anthony Maurice WILLIAMS, Defendant and Appellant.
No. S110377.
Supreme Court of California.
October 18, 2004.
Beatrice C. Tillman, under appointment by the Supreme Court, San Diego; Lynne G. McGinnis, under appointment by the Court of Appeal, for Defendant and Appellant.
Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Steven T. Oetting, Pamela Ratner Sobeck, Laura D. Stilwell and Lise Jacobson, Deputy Attorneys General, for Plaintiff and Respondent.
KENNARD, J.
In People v. Tassell (1984) 36 Cal.3d 77, 201 Cal.Rptr. 567, 679 P.2d 1 (Tassell), this court held that when imposing a determinate sentence on a recidivist offender convicted of multiple offenses, a trial court is to impose an enhancement for a prior conviction only once to increase the aggregate term, and not separately to increase the principal or subordinate term imposed for each new offense.[1] (Tassell, at pp. 89-92, *620 201 Cal.Rptr. 567, 679 P.2d 1.) Here, the Court of Appeal concluded that Tassell's holding does not apply to multiple indeterminate third strike sentences imposed under the "Three Strikes and You're Out Law" (Pen.Code, §§ 667, subds.(b)-(i), 1170.12, hereafter the Three Strikes law).[2] We agree that Tassell is not controlling in this different context, and that a prior conviction enhancement may be added to the third strike sentence for each new offense.

I
A jury convicted defendant Anthony Maurice Williams of forcible rape in concert (§§ 261, subd. (a)(2), 264.1), forcible oral copulation in concert (§ 288a, subd. (d)), and forcible sodomy in concert (§ 286, subd. (d)), and it found that he had suffered two prior convictions for serious or violent felonies under section 667, subdivision (a)(1) (requiring an additional five-year term for each conviction), and under the Three Strikes law. The record shows that the crimes were particularly callous and brutal. Defendant and his companion not only forced the victima woman they had met earlier in the dayto orally copulate them and then raped and sodomized her, they forced her to get in a trash can, stomped on her head, and urinated on her.
In a separate, unrelated case, defendant was convicted of both residential burglary (Pen.Code, § 459) and unlawfully taking or driving a vehicle (Veh.Code, § 10851), and he was found to have the same two prior convictions. (For convenience, we will refer to this as the burglary case.)
The trial court pronounced sentence in both cases on the same day. In the burglary case, the court sentenced defendant to a term of 25 years to life for the burglary, plus an additional five-year term for each of the prior serious felony convictions, for an aggregate sentence of 35 years to life. Sentence on the Vehicle Code offense was stayed under Penal Code section 654. In this case, the trial court imposed three concurrent sentences of 25 years to life for the three felonies (see § 667, subd. (e)(2)(A)(ii)), plus five years for each of the two prior serious felony convictions, for an aggregate sentence of 35 years of life, to run consecutively to the sentence imposed in the burglary case, for an overall net sentence of 70 years to life.[3] At the sentencing hearing, the probation officer recommended that the two five-year terms for the prior serious felony convictions be stayed in this case, because they had been imposed for the same prior convictions in the burglary case, but the trial court rejected the recommendation, stating that "it's the court's view that the court is mandated to impose those [two five-year] enhancements in this present case notwithstanding the similar imposition of such enhancements in the other case."
On defendant's appeal, the Court of Appeal affirmed the judgment in all respects. The court rejected defendant's contention that the trial court had erred in imposing five-year enhancements for prior serious felony convictions in this case after the same prior convictions had been used to enhance defendant's sentence in the burglary case. The court rejected defendant's argument that section 1170.1 permitted the enhancements to be imposed only once, *621 concluding instead that section 1170.1 did not apply to the calculation of indeterminate sentences imposed under the Three Strikes law.
We granted defendant's petition for review.

II
Subdivision (a) of section 667 (section 667(a)), as here relevant, provides that "any person convicted of a serious felony who previously has been convicted of a serious felony ... shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately." Section 667(a), which was adopted by voter initiative in 1982, does not expressly address the situation in which a defendant with a prior conviction for a serious felony is thereafter convicted of more than one serious felony offense. It does not state whether, in that situation, the sentencing court is to add a five-year enhancement separately to the sentence for each new felony conviction or instead is to impose the enhancement only once to add a single five-year term to the overall sentence for all new offenses.
In 1984, this court addressed that issue in Tassell, supra, 36 Cal.3d 77, 201 Cal. Rptr. 567, 679 P.2d 1. We concluded that, on the facts presented there, the answer was to be found in section 1170.1, enacted as part of the Uniform Determinate Sentencing Act (Stats.1976, ch. 1139). Section 1170.1 generally governs the calculation and imposition of a determinate sentence when a defendant has been convicted of more than one felony offense. It then read, and still reads: "Except as otherwise provided by law, and subject to Section 654, when any person is convicted of two or more felonies, whether in the same proceeding or court or in different proceedings or courts, and whether by judgment rendered by the same or by a different court, and a consecutive term of imprisonment is imposed under Sections 669 and 1170, the aggregate term of imprisonment for all these convictions shall be the sum of the principal term, the subordinate term, and any additional term imposed for applicable enhancements for prior convictions, prior prison terms, and Section 12022.1." (Italics added.)
In Tassell, supra, 36 Cal.3d 77, 201 Cal. Rptr. 567, 679 P.2d 1, we explained how section 1170.1 affects the imposition of sentence enhancements: "Section 1170.1 refers to two kinds of enhancements: (1) those which go to the nature of the offender; and (2) those which go to the nature of the offense. Enhancements for prior convictionsauthorized by sections 667.5, 667.6, and 12022.1are of the first sort. The second kind of enhancementsthose which arise from the circumstances of the crimeare typified by sections 12022.5 and 12022.7: was a firearm used or was great bodily injury inflicted? Enhancements of the second kind enhance the several counts; those of the first kind, by contrast, have nothing to do with particular counts but, since they are related to the offender, are added only once as a step in arriving at the aggregate sentence." (Id. at p. 90, 201 Cal.Rptr. 567, 679 P.2d 1; accord, People v. Gutierrez (2002) 28 Cal.4th 1083, 1163-1164, 124 Cal.Rptr.2d 373, 52 P.3d 572.)
Thus, this court in Tassell relied on the language of section 1170.1, and not on the language or legislative history of section 667(a), in concluding that at sentencing a trial court must impose a sentence enhancement for a prior felony convictionincluding a section 667(a) enhancementonly once, regardless of the number of new felony offenses.
*622 Section 1170.1, however, applies only to determinate sentences. It does not apply to multiple indeterminate sentences imposed under the Three Strikes law. "If a defendant has two or more prior felony convictions as defined in subdivision (d) that have been pled and proved, the term for the current felony conviction shall be an indeterminate term of life imprisonment...." (§ 667, subd. (e)(2)(A), italics added; see also § 1170.12, subd. (c)(2)(A).) As this court has stated, "[t]he consecutive sentencing scheme of section 1170.1 does not apply to indeterminate life terms, and therefore it has no application to sentencing calculations for three strikes defendants." (People v. Nguyen (1999) 21 Cal.4th 197, 205, 87 Cal. Rptr.2d 198, 980 P.2d 905; see also § 669; People v. Felix (2000) 22 Cal.4th 651, 654-659, 94 Cal.Rptr.2d 54, 995 P.2d 186; People v. Lyons (1999) 72 Cal. App.4th 1224, 1227-1229, 85 Cal.Rptr.2d 581.) Because Tassell relied on section 1170.1, which does not apply to third strike sentences, it is not controlling or even helpful here in this significantly different context. (Accord, People v. Byrd (2001) 89 Cal.App.4th 1373, 1380, 108 Cal.Rptr.2d 243.)
In third strike cases, the Three Strikes law uses enhancements in two distinct ways: to calculate the minimum term of the indeterminate life sentence and to add an additional, determinate term to be served before the indeterminate life sentence. "The two distinct functions of enhancements are found in the two required stages in the calculation of a `third strike' sentence: the determination of `the greatest minimum term' and the final sentence calculation which is to include all applicable enhancements." (Couzens and Bigelow (2001) Cal. Three Strikes Sentencing p. 8.6 (rev.11/02).)
For a third strike defendant, the minimum term of the indeterminate life sentence is the greatest of three time periods. The first period (option one) is "[t]hree times the term otherwise provided as punishment" for the felony offense, not including enhancements. (§§ 667, subd. (e)(2)(A)(i), 1170.12, subd. (c)(2)(A)(i).) The second period (option two) is 25 years. (§§ 667, subd. (e)(2)(A)(ii), 1170.12, subd. (c)(2)(A)(ii).) The third period (option three) is "[t]he term determined by the court pursuant to Section 1170 for the underlying conviction, including any enhancement applicable under Chapter 4.5 (commencing with Section 1170) of Title 7 of Part 2, or any period prescribed by Section 190 or 3046." (§§ 667, subd. (e)(2)(A)(iii), 1170.12, subd. (c)(2)(A)(iii).) A five-year enhancement under section 667(a) for a prior serious felony conviction lengthens the option three period, which is generally the longest of the three periods "when the defendant has an extensive criminal recidivist history." (People v. Dotson (1997) 16 Cal.4th 547, 553, 66 Cal. Rptr.2d 423, 941 P.2d 56.)
In addition to its use in calculating the minimum term of the indeterminate life sentence under option three, a prior serious felony conviction requires a five-year enhancement term. (§ 667(a) ["any person convicted of a serious felony who previously has been convicted of a serious felony ... shall receive ... a five-year enhancement for each such prior conviction on charges brought and tried separately"].) Under the Three Strikes law, this determinate term must be consecutive to the minimum term of the indeterminate life sentence, and it is imposed whether or not the minimum term was established under option three. (People v. Dotson, supra, 16 Cal.4th at p. 559, 66 Cal.Rptr.2d 423, 941 P.2d 56 ["Once the minimum indeterminate term is calculated, `other enhancements or punishment provisions,' such as section 667(a) enhancements, are added as a separate determinate term to the indeterminate *623 term under options (i), (ii), and (iii)"]; accord, People v. Acosta (2002) 29 Cal.4th 105, 130-131, 124 Cal. Rptr.2d 435, 52 P.3d 624; People v. Thomas (1997) 56 Cal.App.4th 396, 403-405, 65 Cal.Rptr.2d 425.) Thus, the Three Strikes law provides that the indeterminate life sentence "shall be served consecutive to any other term of imprisonment for which a consecutive term may be imposed by law" (§§ 667, subd. (e)(2)(B), 1170.12, subd. (c)(2)(B)) and shall be "in addition to any other enhancement or punishment provisions which may apply" (§§ 667, subd. (e), 1170.12, subd. (c)).
The five-year enhancement under section 667(a) for a prior serious felony conviction was added as part of "a statutory and constitutional scheme enacted by the voters in 1982 as part of Proposition 8." (People v. Jones (1993) 5 Cal.4th 1142, 1146, 22 Cal.Rptr.2d 753, 857 P.2d 1163.) The voters' intent "was to increase sentences for recidivist offenders." (Id. at p. 1147, 22 Cal.Rptr.2d 753, 857 P.2d 1163.) Adding the five-year enhancement separately to the third strike sentence for each new serious felony conviction is not inconsistent with this intent.
Adding the five-year enhancement to the sentence for each new serious felony conviction is also consistent with the logic of the Three Strikes law. Under that law, the status or nature of the offender as a person previously convicted of serious felony offenses does not result merely in a single additional term of imprisonment for each prior conviction added on to the over-all sentence that would otherwise be imposed for all of the new offenses. Instead, the Three Strikes law uses a defendant's status as a recidivist to separately increase the punishment for each new felony conviction.[4] For a defendant with a single qualifying prior conviction, the sentence for each new offense is double what it otherwise would be. (§§ 667, subd. (e)(1) ["the determinate term or minimum term for an indeterminate term shall be twice the term otherwise provided as punishment for the current felony conviction"], 1170.12, subd. (c)(1) [same]; see People v. Nguyen, supra, 21 Cal.4th at pp. 202-207, 87 Cal. Rptr.2d 198, 980 P.2d 905.) For a defendant with two or more qualifying prior convictions, the sentence for each new offense is life imprisonment with a minimum term of at least 25 years. (§§ 667, subd. (e)(2), 1170.12, subd. (c)(2).)
The Three Strikes law, unlike section 1170.1, does not draw any distinction between status enhancements, based on the defendant's record, and enhancements based on the circumstances of the current offenses, and the Three Strikes law generally discloses an intent to use the fact of recidivism to separately increase the sentence imposed for each new offense. Accordingly, we conclude that, under the Three Strikes law, section 667(a) enhancements are to be applied individually to each count of a third strike sentence.
We recognize that in several published opinions, Courts of Appeal have referred to consecutive third strike sentences on multiple counts in which a section 667(a) *624 enhancement was imposed only once. (See, e.g., People v. Byrd, supra, 89 Cal. App.4th at p. 1378, 108 Cal.Rptr.2d 243; People v. Thomas, supra, 56 Cal.App.4th at p. 399, 65 Cal.Rptr.2d 425; People v. Ayon (1996) 46 Cal.App.4th 385, 395-396, 401, 53 Cal.Rptr.2d 853, disapproved on another point in People v. Deloza (1998) 18 Cal.4th 585, 600, fn. 10, 76 Cal.Rptr.2d 255, 957 P.2d 945; People v. Miles (1996) 43 Cal.App.4th 364, 366, 371, 51 Cal.Rptr.2d 87; People v. Ingram (1995) 40 Cal. App.4th 1397, 1412, 48 Cal.Rptr.2d 256, disapproved on another point in People v. Dotson, supra, 16 Cal.4th at p. 560, fn. 8, 66 Cal.Rptr.2d 423, 941 P.2d 56; People v. Cartwright (1995) 39 Cal.App.4th 1123, 1131, 1140, 46 Cal.Rptr.2d 351.) In none of these opinions, however, was the point addressed, and cases are not authority for propositions not considered. (People v. Barragan (2004) 32 Cal.4th 236, 243, 9 Cal.Rptr.3d 76, 83 P.3d 480.)
The judgment of the Court of Appeal is affirmed.
WE CONCUR: GEORGE, C.J., BAXTER, WERDEGAR, CHIN, BROWN, and MORENO, JJ.
NOTES
[1] We overruled Tassell on an unrelated point in People v. Ewoldt (1994) 7 Cal.4th 380, 401, 27 Cal.Rptr.2d 646, 867 P.2d 757.
[2] All further statutory references are to the Penal Code, unless otherwise stated.
[3] More precisely, the sentence consisted of a determinate term of 20 years to be followed by two consecutive indeterminate life sentences, each having a minimum term of 25 years. (See § 669 [requiring that determinate terms under § 667 be served before consecutively imposed life sentences].)
[4] The Three Strikes law is hardly unique in viewing recidivism as an aggravating factor that warrants harsher punishment for each new offense. Other provisions of the Penal Code also use a defendant's prior record to increase the sentence for each new offense. For example, petty theft is generally punished as a misdemeanor (§ 490), but a defendant with a prior conviction for theft or a theft-related offense may receive felony punishment for each subsequent petty theft. (§ 666; see also § 666.5, subd. (a) [increased penalties for each subsequent conviction of certain crimes involving the theft or taking of a vehicle]; Veh.Code, § 23536 et seq. [increased penalties for each subsequent conviction for driving under the influence].)