Filed 7/15/13  P. v. Jackson CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D062507 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. INF057530) |
| CLAYTON CORNELL JACKSON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Riverside County, Joe O. Littlejohn, Judge.  Affirmed.

Nancy L. Tetreault for Defendant and Appellant, under appointment by the Court of Appeal.

Kamala D. Harris, Attorney General, Dane R. Gillette, Julie L. Garland, Assistant Attorneys General, Peter Quon, Jr., Theodore M. Cropley, Deputy Attorneys General for the Plaintiff and Respondent.

Clayton Cornell Jackson appeals from a judgment entered following our remand in his prior appeal (*People v. Jackson* (Jan. 31, 2012, D058387) [nonpub. opn.] (*Jackson I*)). In *Jackson I*, after concluding the trial court made several sentencing errors, we modified the judgment and remanded the matter for the court to exercise its discretion in resentencing certain counts. On remand, the court, following our directions, sentenced Jackson to a determinate term of 25 years eight months plus a 50-year-to-life indeterminate term. In this appeal, Jackson challenges the new sentence, asserting the court erred by adding five-year prior serious felony enhancements under Penal Code,[1] section 667, subdivision (a)(1) to each of his indeterminate sentences, which were imposed under the "One Strike" law (§ 667.61). Because appellate review of Jackson's resentence is barred by the doctrine of law of the case, we affirm the judgment.

PROCEDURAL BACKGROUND[2]

Following his jury convictions, the trial court sentenced Jackson to a total determinate term of 25 years four months on three counts (counts 5, 6 and 7), and to a total indeterminate term of 57 years to life, consisting of unstayed sentences of life with the possibility of parole after seven years on count 1, a consecutive term of 25 years to

---

[1] All statutory references are to the Penal Code.

[2] The facts supporting Jackson's convictions are set out in greater detail in *Jackson I*, and we incorporate those facts here. To summarize, in February 2007, Jackson came upon the victim and took her at gunpoint to a garage, then to a bedroom in an attached apartment where he sexually assaulted her and threatened to set fire to the house if she reported his actions. We take judicial notice of the pleadings and record in *Jackson I*. (*Hammell v. Britton* (1941) 19 Cal.2d 72, 75 [court may take judicial notice of its own records of prior appeal].)

life on count 2, and a consecutive term of 25 years to life on count 3. (*Jackson I*, D058387, p. 2.) The court stayed a sentence on count 4. (*Ibid.*) It had found true allegations that Jackson suffered a prior strike conviction qualifying as a serious and violent felony, but dismissed that prior conviction in the interest of justice. (*Ibid.*)

As relevant to Jackson's sentencing challenge in the present case, we held in *Jackson I* that the trial court imposed an unauthorized sentence when, after it had dismissed Jackson's prior strike conviction under section 1385, it failed to impose one or more five-year sentence enhancements under section 667, subdivision (a)(1). Specifically, we held the trial court's only discretion was to impose five-year enhancements under that section because as a matter of law, Jackson's prior conviction for residential burglary qualified as a serious felony under section 1192.7, subdivision (c)(18); the People pleaded the factual basis for the prior conviction; and the enhancement was mandatory even where the prior conviction was stricken in the interest of justice. (*Jackson I*, D058387, p. 3.) We pointed out that a prior serious felony enhancement under section 667, subdivision (a) is applied to every indeterminate term, but only once to a determinate sentence, and modified the judgment to impose one five-year enhancement on Jackson's determinate sentence (making it 30 years four months) and one five-year enhancement on each of counts 1, 2 and 3, staying Jackson's sentence on count 1. (*Jackson I*, D058387, pp. 27-28.) We remanded the matter for the trial court to pronounce sentence on count 4 and exercise its discretion to impose terms on counts 6 and 7. (*Jackson I*, D058387, p. 29.)

3

Jackson petitioned for review, in part arguing that a section 667, subdivision (a) sentence enhancement should not be imposed on each indeterminate One Strike sentence based on the reasoning of the "Three Strikes" laws, because the One Strike law was an alternative sentencing scheme rather than a status enhancement aimed at punishing recidivism. In April 2012, the California Supreme Court denied Jackson's petition for review and we issued a remittitur in May 2012.

At Jackson's resentencing hearing, the trial court acknowledged this court's directions and followed them. In particular, it acknowledged we had modified the sentence to add one five-year prior serious felony enhancement under section 667, subdivision (a)(1) to Jackson's determinate term for a total determinate sentence of 15 years eight months, and also to add one five-year enhancement on each of the indeterminate life terms on counts 1, 2 and 3, giving Jackson 30-year-to-life terms on counts 2 and 3, with count 1 stayed, for a total indeterminate sentence of 60 years to life. The court then exercised its discretion to impose the upper term on count 7, and one-third the midterm on count 6 consecutive to count 7. With the parties' agreement, the court corrected the abstract of judgment as to count 5 to impose the proper eight-month midterm. Jackson filed the present appeal.

## DISCUSSION

Repeating his contention in his petition for review to the California Supreme Court, Jackson contends the trial court misapplied section 667, subdivision (a) to his indeterminate sentences. Though he acknowledges the court acted under our directions, Jackson nevertheless argues his indeterminate life sentences were imposed under section

4

667.61, not the Three Strikes laws, and as a result they do not fit within the reasoning of either *People v. Williams* (2004) 34 Cal.4th 397 or *People v. Misa* (2006) 140 Cal.App.4th 837, both relied upon by this court in *Jackson I*. He maintains that under *People v. Tassell* (1984) 36 Cal.3d 77 (overruled on another point in *People v. Ewoldt* (1994) 7 Cal.4th 380, 401; see *People v. Williams*, at p. 400, fn. 1), only one section 667, subdivision (a) enhancement should be added to an aggregate sentence, and thus the separate five-year enhancements imposed by the court should be vacated as unauthorized. The People respond in part that the law of the case doctrine precludes these claims. We agree with the People.

The law of the case doctrine deals with the effect of the first appellate decision on a later retrial or appeal; an appellate court's decision stating a rule of law necessary to the decision of the case conclusively establishes that rule and makes it determinative of the rights of the same parties in any subsequent retrial or appeal in the same case. (*Morohoshi v. Pacific Home* (2004) 34 Cal.4th 482, 491, quoting 9 Witkin, Cal. Procedure (4th ed.1997) Appeal, § 895, p. 928.) "Under the law of the case doctrine, when an appellate court ' "states in its opinion a principle or rule of law necessary to the decision, that principle or rule becomes the law of the case and must be adhered to throughout [the case's] subsequent progress, both in the lower court and upon subsequent appeal . . . ." ' [Citation.] Absent an applicable exception, the doctrine 'requir[es] both trial and appellate courts to follow the rules laid down upon a former appeal whether such rules are right or wrong.' [Citation.] As its name suggests, the doctrine applies only to an appellate court's decision on a question of law; it does not apply to questions of fact."

5

(*People v. Barragan* (2004) 32 Cal.4th 236, 246.)  The principal basis for the doctrine is judicial economy.  (*People v. Stanley* (1995) 10 Cal.4th 764, 786.)  The doctrine "prevents the parties from seeking appellate reconsideration of an already decided issue in the same case absent some significant change in circumstances."  (*People v. Whitt* (1990) 51 Cal.3d 620, 638.)

To apply law of the case, the point of law must have been necessary to the prior decision, the matter must have been actually presented and determined by the court, and application of the doctrine must not result in an unjust decision.  (*People v. Ramos* (1997) 15 Cal.4th 1133, 1161.)  Law of the case will not apply, however, where the evidence in the new proceeding pertinent to the legal question is substantially different:  "[D]uring subsequent proceedings in the same case, an appellate court's binding legal determination 'controls the outcome only if the evidence on retrial or rehearing of an issue is substantially the same as that upon which the appellate ruling was based.  [Citations.]' [Citation.]  Where, on remand, 'there is a substantial difference in the evidence to which the [announced] principle of law is applied, . . . the [doctrine] may not be invoked.' " (*People v. Barragan*, *supra*, 32 Cal.4th at p. 246.)  Nor will the doctrine be adhered to " 'where there has been a "manifest misapplication of existing principles resulting in substantial injustice . . . ." ' " (*People v. Martinez* (2003) 31 Cal.4th 673, 683.)

Our decision in *Jackson I* that the section 667, subdivision (a) five-year enhancement must be applied once to the determinate term and to each indeterminate term is a "principle or rule of law necessary to the decision" (*People v. Barragan*, *supra*, 32 Cal.4th at p. 246) that must be adhered to in this appeal.  As the People point out,

6

Jackson does not identify any intervening appellate decision, statute or other authority that would alter or clarify the rule we set out in *Jackson I*.  Nor does he attempt to argue that application of the rule stated in *Jackson I* will result in an unjust decision. Accordingly, under law of the case the outcome is controlled by our prior determination.

DISPOSITION

The judgment is affirmed.

O'ROURKE, J.

WE CONCUR:

McINTYRE, Acting P. J.

IRION, J.

7