Filed 1/14/15  P. v. Hays CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MARCUS DESHONNE HAYS,<br><br>    Defendant and Appellant. | B253027<br><br>(Los Angeles County<br>Super. Ct. No. YA077539) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Alan B. Honeycutt, Judge.  Affirmed as modified.

Allison H. Ting, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Yun K. Lee and Thomas C. Hsieh, Deputy Attorneys General, for Plaintiff and Respondent.

_____

We review for a second time this appeal arising from Marcus Deshonne Hays's convictions on two counts of robbery and two counts of kidnapping with a special finding he had personally used a firearm to commit the offenses. (*People v. Hays* (Apr. 18, 2013, B236411) [nonpub. opn]) (*Hays I*). Hays contends the trial court erred in failing to strike a Penal Code section 667.5, subdivision (b)[1] enhancement at his sentencing hearing on remand. We affirm the judgment as modified.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *Original Trial Court Proceedings*

On January 15, 2012, Hays and a confederate entered a check cashing store in Inglewood and took money, money orders and checks from the two proprietors at gunpoint. (*Hays I*, at p. 2 fn. 1.) In addition to charging Hays with two counts of robbery and two counts of kidnapping, in an information filed March 15, 2011, the People alleged Hays had suffered three prior serious felony convictions—one each for armed robbery, kidnapping and aggravated assault—all with a conviction date of July 28, 1998 in Fulton County, Georgia, and had served a prison term for those offenses as described in section 667.5, subdivision (b). (*Id.* at pp. 2-3.)

At the bifurcated hearing following Hays's conviction, the People introduced properly authenticated documents establishing Hays had, in fact, pleaded guilty to those offenses in 1998 and had been sentenced to concurrent terms of 20 years for each, 10 years of which were served in the Georgia state penitentiary.[2] No other information concerning the facts underlying the guilty pleas was proffered; a police report relating to the incident, which contained inadmissible hearsay, was presented to the court solely for its consideration in sentencing. (*Hays I,* at p. 3.)

At the conclusion of the hearing, the trial court (the Honorable James R. Brandlin) found the Georgia convictions for armed robbery and aggravated assault to be true and

---

[1]     Statutory references are to the Penal Code.

[2]     Hays did not dispute, and the trial court expressly found, the convictions described were his.

qualified as prior serious felonies under the three strikes law and section 667, subdivision (a)(1).  (*Hays I*, at p. 3.)  The trial court also determined the Georgia kidnapping conviction had not been proved to be a serious felony beyond a reasonable doubt; it was uncertain whether the felony to which Hays had pleaded was actually false imprisonment. (*Id.* at p. 3, fn. 5.)  The court then found the section 667.5, subdivision (b) allegation true beyond a reasonable doubt without specifying which of the felony offenses was the basis for that finding.  (*Hays I*, at p. 3.)

Hays was sentenced as a third strike offender to an aggregate state prison term of 69 years four months to life, calculated as 25 years to life for robbery (count 1), plus five years for the prior serious felony enhancement, plus 10 years for the firearm-use enhancement, plus one year for the prior prison term enhancement; and a consecutive term of 25 years to life for robbery (count 3), plus three years four months for the firearm-use enhancement.[3]  The court stayed sentence on the two kidnapping convictions (counts 2 and 4) pursuant to section 654.  (*Hays I,* at p. 3.)

2. *Hays I*

Hays appealed.  In an unpublished opinion filed April 18, 2013, we concluded Hays's 1968 Georgia armed robbery conviction did not qualify as a serious felony within the meaning of the three strikes law and section 667, subdivision (a)(1), reversed the true findings as to those allegations, and vacated Hays's sentence.  (*Hays I*, at pp. 4-7.)  We remanded the matter to permit the People at a new trial to present admissible evidence establishing the Georgia armed robbery conviction is a serious felony within the meaning of the three strikes law and section 667, subdivision (a)(1).  (*Id.* at pp. 8-9.) We directed the trial court if only the Georgia aggravated assault conviction were found to be a serious felony, Hays should be resentenced as a second strike offender with one five-year serious felony enhancement under section 667, subdivision (a)(1).  (*Id.* at p. 9, fn. 7.)  If the People on remand prove the Georgia armed robbery conviction was also a serious

---

[3]     Judge Brandlin did not state which conviction(s) he was using as the basis for either of the section 667, subdivision (a)(1) or section 667.5, subdivision (b) enhancements.

3

felony, Hays should be resentenced as a third strike offender and each 25-year-to-life term imposed should be enhanced by a five-year serious felony enhancement under section 667, subdivision (a)(1). (*People v. Williams* (2004) 34 Cal.4th 397, 405 ["under the Three Strikes law, section 667, subd. (a) enhancements are to be applied individually to each count of a third strike sentence"]; accord, *People v. Misa* (2006) 140 Cal.App.4th 837, 846.) (*Ibid.*)

      3. *Proceedings on Remand in the Trial Court*

At the hearing on remand, the People were unable to present evidence that Hays's Georgia armed robbery conviction qualified as a serious felony. The trial court (the Honorable Alan B. Honeycutt) elected to adopt all of Judge Brandlin's findings and sentenced Hays as a second strike offender to an aggregate state prison term of 38 years eight months, consisting of 16 years (the eight-year upper term doubled under the three strikes law) for kidnapping (count 2), plus five years for the prior serious felony enhancement, plus 10 years for the firearm-use enhancement, plus one year for the prior prison term enhancement; and a consecutive term of three years four months (one-third the five-year middle term doubled under the three strikes law) for kidnapping (count 4), plus three years four months for the firearm-use enhancement.[4] The court stayed sentence on the two robbery convictions (counts 1 and 3) pursuant to section 654. This appeal followed.

**DISCUSSION**

The People concede in resentencing Hays on remand, the trial court violated the dual-use prohibition against imposing separate prior conviction and prior prison term enhancements for the same prior offense. (*People v. Jones* (1993) 5 Cal.4th 1142, 1150 [trial court erred in imposing separate enhancements pursuant to §§ 667, subd. (a), and 667.5, subd. (b), based on same conviction; only greatest enhancement applies].) With respect to the three Georgia felony convictions alleged against Hays, the People failed to

---

[4] Judge Honeycutt did not state which conviction(s) he was using for either the section 667, subdivision (a)(1) or section 667.5, subdivision (b) enhancements.

present evidence at the hearing on remand that the armed robbery and kidnapping/false imprisonment convictions qualified as serious felony convictions under California law. Accordingly, the only remaining Georgia felony conviction, for aggravated assault, could not support both a section 667, subdivision (a) five-year enhancement and a section 667.5, subdivision (b) one-year enhancement. The one-year prior prison term enhancement must therefore be stricken. (*People v. Jones, supra,* 5 Cal.4th at p. 1150.)

## DISPOSITION

The judgment is modified to strike the one-year prior prison enhancement imposed under section 667.5, subdivision (b). As modified, the judgment is affirmed. The superior court is directed to prepare a corrected abstract of judgment and to forward it to the Department of Corrections and Rehabilitation.

**WOODS, J.**

**We concur:**

**PERLUSS, P. J.**

**ZELON, J.**

5