Filed 5/5/15  P. v. McKinney CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ROY GEORGE MCKINNEY,<br><br>    Defendant and Appellant. | D065937<br><br><br><br>(Super. Ct. No. SCD247679) |

APPEAL from a judgment of the Superior Court of San Diego County, Leo Valentine, Jr., Judge.  Affirmed as modified with directions.

Appellate Defenders, Inc. and Neil Auwarter, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Melissa Mandel and Laura Baggett, Deputy Attorneys General, for Plaintiff and Respondent.

Roy George McKinney entered guilty pleas to three counts of attempted robbery (counts 1-3; Pen. Code,[1] §§ 664 & 211) and four counts of false imprisonment by violence, menace, fraud or deceit (counts 4-7; §§ 236 & 237, subd. (a)).  McKinney also admitted three strike priors (§ 667, subds. (b)-(i)) and one serious felony prior conviction (§ 667, subd. (a)(1)).

The court sentenced McKinney to an indeterminate term of 25 years to life, consecutive to a 19-year determinate term.  The sentence was composed of 25 years to life for count 1; 25 years to life for counts 2 and 3, to run concurrently with count 1; a consecutive total of four years for the false imprisonment counts; plus three consecutive five-year enhancements for the serious felony prior conviction.

McKinney appeals, challenging only a portion of his sentence.  He contends the trial court erred in imposing consecutive five-year enhancements on counts 1 through 3 when the court had imposed concurrent terms for counts 2 and 3.  He argues the five-year enhancement added to counts 2 and 3 must be sentenced concurrently along with the counts to which the enhancements are appended.  The People correctly concede the enhancements for counts 2 and 3 must be served concurrently along with the counts. Thus the sentence must be modified to reduce the term for the serious felony prior from

_____

[1]    All further statutory references are to the Penal Code unless otherwise specified.

15 years to five years. We agree with the parties that the sentence imposed was improperly calculated. We will direct the court to modify the sentence accordingly.[2]

DISCUSSION

When a person is sentenced to an indeterminate term under the Three Strikes law and a serious felony prior enhancement has been proved, the trial court must add that enhancement to each indeterminate term. (*People v. Williams* (2004) 34 Cal.4th 397, 400-401, 404.) However, where a trial court uses its discretion to sentence indeterminate terms concurrently, the accompanying serious felony prior enhancements must also be applied to those counts. The enhancement attaches to the specific count and thus if the count is sentenced concurrently with other indeterminate terms, the serious felony prior enhancement is necessarily part of the concurrent sentence. (*Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 898-899.) Thus, if the underlying count runs concurrently with other counts, its attached enhancements cannot run consecutively apart from their underlying charge.

Imposing the enhancements consecutively where their underlying counts are imposed concurrently is an unauthorized sentence which can be corrected even though there was no objection made in the trial court. (*People v. Robertson* (2012) 208 Cal.App.4th 965, 995.)

---

[2]    The facts of the underlying offenses are not relevant to any issue presented by this appeal. Accordingly we will omit the traditional statement of facts.

DISPOSITION

The trial court is directed to modify the sentence in this case to show that the serious felony enhancements as to counts 2 and 3 must be served concurrently along with those counts. Thus the total sentence must be modified to reduce the 15-year term for the serious felony prior enhancement to a total of five years. The trial court is directed to amend the abstract of judgment accordingly and to forward an amended abstract to the Department of Corrections and Rehabilitation. In all other respects the judgment is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

O'ROURKE, J.

IRION, J.

4