Filed 9/10/20  P. v. Jaime CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MIGUEL JAIME,<br><br>Defendant and Appellant. | F079152<br><br>(Super. Ct. No. BF173707A)<br><br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  David R. Zulfa, Judge.

Jean M. Marinovich, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Amanda D. Cary and Louis M. Vasquez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Detjen, Acting P.J., Smith, J. and DeSantos, J.

Defendant Miguel Jaime contends on appeal that a one-year prior prison term enhancement, used both to calculate his minimum indeterminate term and to enhance that term, should be stricken pursuant to Senate Bill No. 136 (2019-2020 Reg. Sess.; Stats. 2019, ch. 590, § 1) (Senate Bill 136).  The People concede, and we agree.  Accordingly, we modify the minimum indeterminate term and strike the prior prison term enhancement.  In all other respects, we affirm.

## PROCEDURAL SUMMARY

On November 20, 2018, the Kern County District Attorney charged defendant with the murder of Alvin Moore (Pen. Code, § 187, subd. (a);[1] count 1).  The information further alleged that the offense was premeditated (§ 189), that defendant personally discharged a firearm causing great bodily injury or death (§ 12022.53, subd. (d)), had suffered two prior felony "strike" convictions within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)), had suffered two prior serious felony convictions (§ 667, subd. (a)), and had served three prior prison terms (§ 667.5, subd. (b)).

On March 18, 2019, a jury found defendant guilty of second degree murder, found the firearm allegation true, but found the premeditation allegation not true.[2]  On the same date, in a bifurcated proceeding, the trial court found all of the remaining allegations true.

On April 16, 2019, the trial court sentenced defendant pursuant to section 667, subdivision (e)(2)(A)(iii) of the Three Strikes law because defendant had suffered two prior strike convictions.  The court calculated a 51-year-to-life minimum indeterminate term on count 1 as follows:  15 years for the underlying second degree murder conviction, 25 years to life for the firearm enhancement (§ 12022.53, subd. (d)),

---

[1]     All further statutory references are to the Penal Code unless otherwise stated.

[2]     We note that the abstract of judgment incorrectly reflects a conviction of first degree murder.  We will order it corrected.

10 years for the two five-year prior serious felony conviction enhancements (§ 667, subd. (a)), and one year for the prior prison term enhancement (§ 667.5, subd. (b)).[3]  The court then calculated the enhancements to that term as follows:  a 25-year-to-life term for the firearm enhancement (§ 12022.53, subd. (d)), two five-year terms for the two prior serious felony conviction enhancements (§ 667, subd. (a)), and a one-year term for one prior prison term enhancement (§ 667.5, subd. (b)).  Thus, the total indeterminate sentence amounted to 76 years to life (51 years to life plus 25 years to life), and the total determinate sentence amounted to 11 years.

On the same date, defendant filed a notice of appeal.

## FACTUAL SUMMARY

On September 1, 2018, in the early evening, Alvin was with his friend, Vinson, and several other friends at a picnic table in Southgate Park in Wasco.  At the same time, defendant, his pregnant girlfriend, and her children walked near the park.  When defendant noticed Vinson, defendant approached him.  The two men argued, fought with fists, and then wrestled on the ground.  While the two were wrestling, defendant's girlfriend approached and kicked Vinson several times.  After defendant's girlfriend kicked Vinson, Alvin told her to stop, grabbed her in a " 'bear hug,' " and moved or threw her to the sidewalk.  When Alvin released her, she fell.

Defendant separated from Vinson, ran to Alvin, and said, " 'You hit my old lady.' "  Alvin denied hitting defendant's girlfriend.  Defendant produced a gun and shot Alvin in the chest from a distance of roughly 10 feet.  Alvin attempted to run, turned, and fell.  Defendant then approached Alvin and fired a second time in the groin or upper thigh.

Alvin died as a result of the gunshot wounds.

---

**3**    Two of the prior prison term allegations were based on the same convictions for which the trial court imposed five-year enhancements pursuant to section 667, subdivision (a).

3.

# DISCUSSION

Defendant argues his minimum indeterminate term of incarceration must be modified and his prior prison term enhancement must be vacated based on the retroactive application of Senate Bill 136. The People agree, as do we.

Effective January 1, 2020, Senate Bill 136 amended section 667.5, subdivision (b) to limit application of prior prison term enhancements to only prior prison terms that were served for sexually violent offenses as defined by Welfare and Institutions Code section 6600, subdivision (b). (§ 667.5, subd. (b).) That amendment applies retroactively to all cases not yet final on Senate Bill 136's effective date. (*People v. Lopez* (2019) 42 Cal.App.5th 337, 342, citing *In re Estrada* (1965) 63 Cal.2d 740, 742.)

Here, the trial court included one year for the prior prison term enhancement in its calculation of the minimum indeterminate term of imprisonment, and then separately imposed a one-year prior prison term enhancement to that indeterminate term. This was appropriate under the Three Strikes law. (§ 667(e)(2)(A)(iii) [the minimum indeterminate term is equal to the sentence for the underlying conviction plus applicable enhancements]; *People v. Williams* (2004) 34 Cal.4th 397, 403–404 [enhancements are then added separately].)[4] Both one-year terms were based on the same term of

---

[4] For a third strike defendant, the minimum term of the indeterminate life sentence is the greatest of three options, the third of which is applicable here. Under the third option, a defendant's minimum indeterminate term is calculated using enhancements as a way to calculate a *longer minimum indeterminate term*. (§§ 667, subd. (e)(2)(A)(iii), 1170.12, subd. (c)(2)(A)(iii)); *People v. Dotson* (1997) 16 Cal.4th 547, 556; *id*. at p. 553 [this option generally results in the " 'greate[st]' sentence when the defendant has an extensive criminal recidivist history"]; *id*. at p. 559 ["[E]nhancements are added to the sentence for the current offense *as a means of calculating the minimum indeterminate life term*. They are not 'an additional term of imprisonment added to the base term.' "].) After the minimum indeterminate term has been calculated, appropriate enhancements are then added as a separate and consecutive term, even if they have already been used in calculating the minimum indeterminate term. (*People v. Williams*, *supra*, 34 Cal.4th at pp. 403–404; *People v. Dotson*, at p. 560 ["[T]he three strikes law expressly subjects a

4.

imprisonment for a conviction of possession of a concealed dirk or dagger (former § 12020, subd. (a)(4), current § 20310). That offense, however, is not a violent sexual offense as defined in Welfare and Institutions Code section 6600, subdivision (b). On January 1, 2020, defendant's case was not yet final. Therefore, as the parties agree, defendant is entitled to the ameliorative benefit of Senate Bill 136's amendment to section 667.5, subdivision (b) as to both the minimum indeterminate term and the prior prison term enhancement.

Accordingly, we modify the minimum indeterminate term on count 1 to 50 years to life and strike the prior prison term enhancement. Defendant's total term of imprisonment is therefore modified to 75 years to life, plus 10 years.

Because the trial court imposed the maximum possible sentence, remand for the court to consider alternative sentencing options is unnecessary. (*People v. Lopez*, *supra*, 42 Cal.App.5th at p. 342.)

## DISPOSITION

The indeterminate term on count 1 is modified from 51 years to life to 50 years to life. The prior prison term enhancement (§ 667.5, subd. (b)) is stricken and the determinate term is modified from 11 years to 10 years. The trial court is directed to prepare an amended abstract of judgment reflecting the conviction of count 1 as second (not first) degree murder, the modification of the indeterminate term on count 1, and the striking of the prior prison term enhancement. The court shall forward a copy of the abstract of judgment to the appropriate entities. As so modified, the judgment is affirmed.

---

defendant to a separate determinate term for enhancements, even when those enhancements are used in calculating the minimum indeterminate life term."].)