Filed 10/13/23  P. v. Kalim CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

| **California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.** |
| --- |

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>AZHAR AHMED KALIM,<br><br>    Defendant and Appellant. | D080634<br><br><br>(Super. Ct. No. SCD282330) |

APPEAL from a judgment of the Superior Court of San Diego County, David M. Rubin, Judge.  Affirmed.

Ava R. Stralla, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christopher P. Beesley and Michael J. Patty, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Azhar Ahmed Kalim of four counts of forcible sexual penetration (Pen. Code,[2] § 289, subd. (a)(1); counts 1–4); one count of sexual battery by restraint (§ 243.4, subd. (a); count 5);[3] and one count of misdemeanor sexual battery (§ 243.4, subd. (e)(1); count 7), committed against a single victim.

Forcible sexual penetration is punishable by three, six, or eight years. (§ 289, subd. (a)(1).) When a defendant has been convicted of multiple offenses, the sentencing judge has discretion to impose the sentence on each concurrently or consecutively, unless another statute mandates consecutive terms. (§ 669, subd. (a); *People v. Jones* (1988) 46 Cal.3d 585, 592 ["[s]ection 669 authorizes the court to decide whether sentences should run concurrently or consecutively"].) When imposed consecutively, the mandatory minimum term on a subordinate felony count is one-third the middle term, unless a more specific statute applies. (§ 1170.1, subd. (a); *People v. Williams* (2004) 34 Cal.4th 397, 402.)

Here, the sentencing court found section 667.6, subdivision (d) (section 667.6(d)), applied to its decision. Section 667.6(d) mandates the court to impose "[a] full, separate, and consecutive term" for certain sex offenses, including forcible sexual penetration, if they "involve the same victim on separate occasions." (§ 667.6, subds. (d)(1) and (e)(8).) "In determining

---

[1]    We resolve this case by memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1.

[2]    All further undesignated statutory references are to the Penal Code.

[3]    The jury acquitted Kalim of another count of sexual battery by restraint (§ 243.4, subd. (a); count 6) of the same victim.

whether crimes against a single victim were committed on separate occasions," the statute requires the court to consider "whether, between the commission of one sex crime and another, the defendant had a reasonable opportunity to reflect upon [his] actions and nevertheless resumed sexually assaultive behavior." (§ 667.6, subd. (d)(2).)

Based on the trial evidence, the sentencing court (which presided at the trial) found Kalim "did have adequate time and [a] reasonable opportunity to reflect on his actions" because the victim had asked him to stop, he acknowledged her repeated requests to stop, and "[t]here was an actual real break and opportunity" between the sexually assaultive behavior underlying counts 1 to 3. Having found the offenses in those counts were committed on separate occasions within the meaning of section 667.6(d), the court concluded "full, separate, and consecutive" terms were mandatory. (§ 667.6, subd. (d)(1).)

Accordingly, the trial court selected one of the forcible sexual penetration convictions (count 1) as the principal count and imposed the middle term of six years. It imposed consecutive full middle terms of six years each for two more forcible sexual penetration convictions (counts 2 and 3). (§ 667.6, subd. (d)(1) and (3).) It imposed concurrent terms of six years on the remaining forcible sexual penetration conviction (count 4) and three years on the sexual battery by restraint conviction (count 5). Additionally, the court imposed a 180-day consecutive sentence for the misdemeanor sexual battery conviction (count 7). Kalim's total sentence was 18 years and 180 days.

On appeal, Kalim raises one claim of error: the imposition of fully consecutive sentences on counts 2 and 3 without a jury finding that the offenses were committed against the same victim on separate occasions

3

violated his Sixth Amendment right to a jury trial under *Apprendi v. New Jersey* (2000) 530 U.S. 466 and *Alleyne v. United States* (2013) 570 U.S. 99. He argues the fact that an act occurs on a " 'separate occasion' " under section 667.6(d) is a fact that increases the mandatory minimum sentence on counts 2 and 3 from two years (one-third the middle term of six years under section 1170.1, subdivision (a)) to six years. (Boldface omitted.) He asserts that fact must be found by a jury, not a judge, under *Alleyne*, at pages 111–112.

This argument has been rejected by the California Supreme Court. In *People v. Catarino* (2023) 14 Cal.5th 748 (*Catarino*), decided after Kalim filed his opening brief on appeal, the Court considered the question "whether section 667.6(d), in requiring that a sentencing court impose 'full, separate, and consecutive term[s]' for certain sex crimes if it finds certain facts, complies with the Sixth Amendment." (*Id.* at p. 750.) It held "that it does: the rule of *Apprendi* and *Alleyne* does not apply to section 667.6(d) under the rationale of [*Oregon v. Ice* (2009) 555 U.S. 160 (*Ice*)]." (*Catarino*, at p. 750.)

In *Ice*, the United States Supreme Court held " ' "the Sixth Amendment's restriction on judge-found facts" is "inapplicable" when a trial judge makes factual findings necessary to the imposition of consecutive terms.' " (*Catarino, supra*, 14 Cal.5th at p. 755, quoting *People v. Scott* (2015) 61 Cal.4th 363, 405, quoting *Ice, supra*, 555 U.S. at p. 170.) The Oregon sentencing scheme at issue in *Ice* "provided that 'sentences shall run concurrently unless the judge finds statutorily described facts.' [Citation.] The high court held that such judicial factfinding does not violate *Apprendi*" because historically, " 'the jury played no role in the decision to impose sentences consecutively or concurrently.' [Citation.] Instead, judges traditionally had 'unfettered discretion' to decided 'whether sentences for discrete offenses shall be served consecutively or concurrently.' [Citation.]

Thus, the high court reasoned, the 'core concerns' underlying *Apprendi*—
'encroachment . . . by the judge upon facts historically found by the jury' and
'threat to the jury's domain as a bulwark at trial between the State and the
accused'—are not implicated by 'legislative reforms regarding the imposition
of multiple sentences.' [Citation.] States may, consistent with the Sixth
Amendment, enact legislation to 'constrain judges' discretion by requiring
them to find certain facts before imposing consecutive, rather than
concurrent, sentences.' " (*Catarino*, at pp. 755–756 [discussing *Ice*].)

Like Kalim, the defendant in *Catarino* argued "that sentencing him
under section 667.6(d) 'without having submitted to the jury the question of
whether each of [his] offenses was committed on a "separate occasion" denied
[him] his Sixth Amendment right to a jury trial' under *Apprendi* and *Alleyne*"
because "the separate occasions finding required that his [subordinate]
counts 'carry a full term, rather than the term that would otherwise apply
under' the determinate sentencing law, it increased the minimum term for
each of those offenses." (*Catarino*, *supra*, 14 Cal.5th at p. 751.) The
California Supreme Court rejected the argument. It concluded that "[r]ather
than set or change the term authorized on an individual count as the statute
in *Alleyne* did, section 667.6(d) requires that the term *already authorized*
[citation] be meted out as a full term. Under the high court's reasoning in
*Ice*, section 667.6(d) does not define or alter the term for any particular
offense in a manner that invades the historical province of the jury."
(*Catarino*, at p. 756.) Thus "[b]ecause section 667.6(d) falls within the
rationale of *Ice*, its operation does not violate the rule of *Apprendi* and
*Alleyne*." (*Catarino*, at p. 757.)

*Catarino* forecloses Kalim's claim on appeal. (*Auto Equity Sales, Inc. v.*
*Superior Court* (1962) 57 Cal.2d 450, 454.) We affirm the judgment.

5

## DISPOSITION

The judgment is affirmed.


DO, J.

WE CONCUR:


IRION, Acting P. J.


BUCHANAN, J.