Filed 9/3/25  P. v. Ray CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>KENNETH JEROME RAY,<br><br>    Defendant and Appellant. | C101967<br><br>(Super. Ct. No. CM030757) |

Defendant Kenneth Jerome Ray contends, and the People agree, that the trial court was unaware of the full scope of its sentencing discretion when it resentenced him pursuant to Penal Code section 1172.75.[1]  We will vacate defendant's sentence and remand for a full resentencing pursuant to section 1172.75.

BACKGROUND

In 2010, a jury found defendant guilty of inflicting corporal injury upon a cohabitant.  The trial court found true allegations that defendant had previously been convicted of two serious or violent felonies and had served a prior prison term.  Pursuant to California's "Three Strikes" law, the trial court sentenced defendant to 25 years to life in prison, plus one year for the prior prison term enhancement.

---

[1]  Undesignated statutory references are to the Penal Code.

1

In 2022, following the enactment of what is now section 1172.75, the trial court recalled defendant's sentence and struck the one-year prior prison term enhancement, but did not resentence defendant. This court reversed the trial court's order and remanded for a full resentencing. Although defendant asserted that the trial court should have considered whether to dismiss the two prior strike convictions under the recently enacted provisions of section 1385, subdivision (c), this court held that subdivision (c) applies only to enhancements, not to alternative sentencing schemes such as the Three Strikes law. (*People v. Ray* (Jan. 8, 2024, C097611) [nonpub. opn.].)

On remand, the prosecution argued that with regard to the trial court's ability to dismiss the prior strike convictions, this court's opinion "said that is not an option . . . ." The trial court said it was "mindful" of this court's decision, it was relying on other decisions like *People v. Burke* (2023) 89 Cal.App.5th 237, it was "following" this court's decision, and "[a]ccordingly," it "will not consider" dismissing defendant's prior strike convictions. The trial court sentenced defendant to 25 years to life in prison under the Three Strikes law.

## DISCUSSION

The parties agree that the trial court misunderstood the scope of its resentencing discretion when it declined to consider dismissing the prior strike convictions.

" 'Defendants are entitled to sentencing decisions made in the exercise of the "informed discretion" of the sentencing court. [Citations.] A court which is unaware of the scope of its discretionary powers can no more exercise that "informed discretion" than one whose sentence is or may have been based on misinformation regarding a material aspect of a defendant's record.' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391 (*Gutierrez*).)

It is possible that the trial court understood its sentencing discretion on remand. But the words the prosecution and trial court used do not allow us to say with certainty that such discretion was fully understood. This court's prior opinion in this case, and the

2

decision in *Burke*, did not address all the provisions of section 1385, and cases are not authority for propositions not considered. (See *People v. Williams* (2004) 34 Cal.4th 397, 405.) When a court imposes sentence while unaware of the full scope of its discretion, "the appropriate remedy is to remand for resentencing unless the record 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion.' " (*Gutierrez, supra*, 58 Cal.4th at p. 1391.) Because the record is not clear, and the parties agree, we will vacate defendant's sentence and remand for resentencing.

DISPOSITION

Defendant's sentence is vacated, and the matter is remanded for a full resentencing pursuant to section 1172.75.

/S/
MAURO, Acting P. J.

We concur:

/S/
KRAUSE, J.

/S/
WISEMAN, J.*

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.