DATO, J.
*145 *1138 A jury convicted Roland Isaac Seau of the crimes of murder in the first degree in the death of Louiegie Bermas with the personal use of a *1139 deadly weapon ( Pen. Code,[1] §§ 187, subd. (a), 12022, subd. (b)(1), 186.22, subd. (b)(1) ); the willful, deliberate, and premeditated attempted murder of Randy Lozano; assault with a deadly weapon on Lozano with the personal use of a knife and personal infliction of great bodily injury ( §§ 187, subd. (a), 189, 245, subd. (a)(1), 664, 12022, subd. (b)(1), 12022.7, subd. (a) ); and dissuading a witness, Vanessa Rivera. (§ 136.1, subd. (b)(1).) The jury found that each crime was committed for the benefit of a criminal street gang. ( § 186.22, subd. (b)(1).) In a bifurcated proceeding, Seau admitted two prison priors, a strike prior, and a serious felony prior. (§§ 667.5, subd. (b), 667, subds. (a)(1), (b)-(i).) He was sentenced to 102 years to life in prison.
The same jury found David Lemoe Tua guilty of aiding and abetting the crimes of murder in the second degree in the death of Bermas, and the willful, deliberate, and premeditated attempted murder and assault with a deadly weapon on Lozano. He was also found guilty of dissuading a witness. ( §§ 187, subd. (a), 664, 189, 245, subd. (a)(1), 136.1, subd. (b)(1).) The jury found that each crime was committed for the benefit of a criminal street gang. ( § 186.22, subd. (b)(1).) In a bifurcated proceeding, Tua admitted a strike prior, a serious felony prior, and a prison prior. The court sentenced Tua to 75 years to life in prison.
Seau and Tua (together, defendants) contend the denial of their motions to sever the trials resulted in grossly unfair trials and a denial of due process. They assert the court erred by not bifurcating the gang element from the substantive offenses and denying their motions for mistrial after law enforcement witnesses repeatedly vouched for the credibility of a witness. In an issue of first impression, they also contend the court erroneously imposed a consecutive five-year prior serious felony enhancement (§ 667, subd. (a)) as to the determinate sentence for assault with a deadly weapon, a count where sentencing was otherwise stayed pursuant to section 654.
Separately, Tua asserts there is no substantial evidence to support his conviction for second degree murder. In response to supplemental briefing requested by this court, he contends his convictions for attempted murder and assault with a deadly weapon are not supported by substantial evidence. Seau argues the pinpoint references to his name in jury instructions were prejudicial to him.
In the published portion of the opinion we hold that a prior serious felony enhancement imposed on a determinate sentence must follow the mode of sentencing imposed on at least one of the determinate counts. We accordingly reverse and remand the case to the trial court for resentencing. In all other respects, we affirm the judgment.
*1140 FACTUAL AND PROCEDURAL BACKGROUND**
DISCUSSION
*146 I.-V.***
VI. Sentencing Error
A. The Parties' Arguments and Standard of Review
The court sentenced the defendants to consecutive, indeterminate terms for attempted murder and murder, and imposed two consecutive five-year sentences on each count, as required by section 667, subdivision (a) (prior serious felony enhancement). Under the determinate sentencing law (§ 1170 et seq.), the court sentenced the defendants on the count of assault with a deadly weapon but stayed the sentence on that count pursuant to section 654, and imposed a five-year prior serious felony enhancement, to run consecutively to the indeterminate term. (§ 667, subd. (a).) On the count of witness intimidation, the court ordered the sentence to run concurrently with the indeterminate term.
Defendants argue that a prior serious felony enhancement cannot be imposed and executed on sentences that have been stayed or that run concurrently with the indeterminate counts. The People assert that a prior serious felony enhancement does not attach to any particular determinate count but is added once in computing the aggregate determinate term. Thus, they suggest that this type of enhancement-based on defendants' status rather than on an act or omission committed during an underlying felony-should be viewed as "not attached" to the determinate counts such that the trial court can elect to impose it consecutive to the indeterminate counts even if the determinate counts themselves are run concurrently or stayed pursuant to section 654.
An unauthorized sentence is subject to correction when it comes to the attention of the reviewing court. ( People v. Cunningham (2001) 25 Cal.4th 926, 1044-1045, 108 Cal.Rptr.2d 291, 25 P.3d 519.) The issue raised presents a pure question of law, which we review de novo. ( People v. Camp (2015) 233 Cal.App.4th 461, 467, 182 Cal.Rptr.3d 628.)
*1141 B. Analysis
The question presented here appears to be one of first impression. Where a court sentences a defendant to a combination of indeterminate and determinate terms, and all portions of determinate sentence are either concurrent to the indeterminate terms or stayed pursuant to section 654, can the court nonetheless elect to run the determinate prior serious felony enhancement consecutive to the indeterminate terms?
Section 667, subdivision (a) mandates that "[a]ny person convicted of a serious felony ... shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction ...." As relevant here, "serious felony" includes murder; any felony in which the defendant personally inflicts great bodily injury on any person other than an accomplice; attempted murder; and intimidation of victims or witnesses in violation of section 136.1. (§ 1192.7, subd. (c).) An enhancement is "an additional term of imprisonment added to the base term." ( Cal. Rules of Court, rule 4.405(3).) The "base term" is "the determinate prison term selected from among the three possible terms prescribed by statute or the determinate prison term prescribed by law if a range of three possible terms is not prescribed." (Id ., subd. (2).)
*147 Prior serious felony enhancements are added once to each count on which an indeterminate sentence is imposed and once for the combined counts on which an aggregate determinate term has been imposed. ( People v. Tassell (1984) 36 Cal.3d 77, 90, 201 Cal.Rptr. 567, 679 P.2d 1 ( Tassell ), overruled on other grounds by People v. Ewoldt (1994) 7 Cal.4th 380, 401, 27 Cal.Rptr.2d 646, 867 P.2d 757 ; People v. Gutierrez (2002) 28 Cal.4th 1083, 1163-1164, 124 Cal.Rptr.2d 373, 52 P.3d 572 ( Gutierrez ); People v. Sasser (2015) 61 Cal.4th 1, 12, 186 Cal.Rptr.3d 540, 347 P.3d 522 ( Sasser ).) In Sasser , the Supreme Court explained that in the determinate sentencing scheme, "enhancements for prior convictions go to the nature of the offender, not the offense, and thus 'have nothing to do with particular counts.' "[13] ( Sasser , at p. 10, 186 Cal.Rptr.3d 540, 347 P.3d 522, quoting Tassell, at p. 90, 201 Cal.Rptr. 567, 679 P.2d 1.) Here, the court explicitly linked the prior serious felony enhancement to the count of assault with a deadly weapon, stayed the sentence for assault, and ordered that the five-year term *1142 for the prior serious felony enhancement run consecutive to the indeterminate terms. (§ 667, subd. (a)(1).)
We begin by addressing a minor sentencing error made by the trial court. It has no actual effect on the amount of prison time defendants will serve, but it is significant in setting the stage for defendants' substantive sentencing arguments. As noted, the court expressly linked the determinate prior felony enhancement to the assault-with-a-deadly-weapon count. This was a mistake. If it was proper at all, the prior serious felony enhancement should have been imposed on the aggregate determinate sentence. ( Tassell , supra , 36 Cal.3d at p. 90, 201 Cal.Rptr. 567, 679 P.2d 1 ; Gutierrez , supra , 28 Cal.4th at pp. 1163-1164, 124 Cal.Rptr.2d 373, 52 P.3d 572 ; Sasser , supra , 61 Cal.4th at p. 12, 186 Cal.Rptr.3d 540, 347 P.3d 522.) The aggregate determinate sentence includes the punishment attributable to each defendant's convictions for both assault with a deadly weapon (which the court stayed) and witness intimidation (which the court ordered to run concurrently with the indeterminate sentences).
But to say that the prior serious felony enhancement "ha[s] nothing to do with particular counts" ( Tassell, supra, 36 Cal.3d at p. 90, 201 Cal.Rptr. 567, 679 P.2d 1 ) does not mean that the determinate counts are completely irrelevant in deciding how the enhancement will be imposed. It is critical to appreciate that the comment in Tassell was made in the context of limiting the number of enhancements that could be imposed, and not in an effort to suggest that the enhancement is somehow free-floating and totally independent of the predicate offense(s). It is, after all, an enhancement that attaches to one or more substantive offenses. Indeed, it is quite clear from the statutory language that the enhancement is not completely independent of the predicate offenses because only certain crimes-i.e., serious felonies as defined in section 1192.7-will support a section 667, subdivision (a) enhancement.
*148 To simplify matters, we will assume a defendant is convicted on two counts, one of which (Count 1) carries an indeterminate term and one of which (Count 2) carries a determinate sentence. On Count 1, the court imposes the indeterminate term plus the five-year prior serious felony enhancement. As to Count 2, the court now has a choice. It could run the determinate term (the base term plus the serious felony enhancement) consecutively or concurrently to the sentence on Count 1. But what would the justification be for imposing a concurrent base term but electing to run the enhancement consecutively? Alternatively, consider a similar situation but assume the sentence on Count 2 must be stayed pursuant to section 654. Again, what would the justification be for staying the base term but imposing a consecutive term for an enhancement that would not exist but for the offense on which the sentence was stayed?
Section 667, subdivision (a) is silent as to whether a prior serious felony enhancement can run consecutively to the indeterminate sentence *1143 where all of the defendant's determinate offenses either have been stayed or run concurrently with the indeterminate sentence. Here, we have both a concurrent determinate term and a stayed determinate term, so there would seem no impediment to either imposing the enhancement concurrently or staying it. But in the absence of authority that would allow the enhancement to be imposed independent of any determinate term, and mindful of the rule that a "defendant is entitled to the benefit of every reasonable doubt as to the true interpretation of words or the construction of a statute" ( People v. Overstreet (1986) 42 Cal.3d 891, 896, 231 Cal.Rptr. 213, 726 P.2d 1288 ), we hold that where the trial court is required to stay a determinate sentence under section 654 or exercises its discretion to run the determinate sentence concurrently with the indeterminate sentence, the prior serious felony enhancement that attaches to those determinate counts must also be stayed or ordered to run concurrently. (Cf., People v. Mustafaa (1994) 22 Cal.App.4th 1305, 1310, 28 Cal.Rptr.2d 172 [under the sentencing scheme an enhancement may not be imposed as a subordinate term on its own]; People v. Guilford (1984) 151 Cal.App.3d 406, 411, 198 Cal.Rptr. 700 [an enhancement must necessarily be stayed where the sentence on the court to which it is added is required to be stayed].)
DISPOSITION
The judgments sentencing each defendant to a five-year consecutive term on his determinate sentence for a prior serious felony enhancement are reversed. The matter is remanded for resentencing in accordance with this opinion. In all other respects, the judgments are affirmed.
WE CONCUR:
HUFFMAN, Acting P. J.
HALLER, J.

Unspecified statutory references are to the Penal Code.

See footnote *, ante .

See footnote *, ante .

In People v. Williams (2004) 34 Cal.4th 397, 404-405, 19 Cal.Rptr.3d 619, 98 P.3d 876, the California Supreme Court stated that "[t]he Three Strikes law, unlike section 1170.1, does not draw any distinction between status enhancements, based on the defendant's record, and enhancements based on the circumstances of the current offenses, and the Three Strikes law generally discloses an intent to use the fact of recidivism to separately increase the sentence imposed for each new offense. Accordingly, we conclude that, under the Three Strikes law, section 667(a) enhancements are to be applied individually to each count of a third strike sentence."