Filed 8/26/20  P. v. Figueroa CA5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>AURELIO MORENO FIGUEROA,<br><br>Defendant and Appellant. | F077514<br><br>(Super. Ct. No. VCF331062)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Tulare County.  Joseph A. Kalashian, Judge.

Patricia L. Brisbois, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Jennifer Oleksa, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Aurelio Moreno Figueroa was convicted of seven crimes related to sexually abusing a minor. The prosecution pled and proved two crimes violated California's One Strike Law. (Pen. Code, § 667.61.)[1] Depending on the circumstances pled and proven, the One Strike Law mandates a sentence of either 15 years to life, 25 years to life, or life without the possibility of parole. (§ 667.61, subds. (a), (b), (j), (l), & (m).)

Figueroa was sentenced to serve several consecutive sentences, including two 15-years-to-life sentences under the One Strike Law. He contends the court erred in pronouncing judgment because the court stated no reason for its decision to impose consecutive sentences that were not otherwise mandatory. On this basis, he seeks a new sentencing hearing.

The People likewise seek a new sentencing hearing but for a different reason. They contend the court erroneously imposed less severe punishment than required by the One Strike Law. They request a new sentencing hearing for the trial court to properly impose the greater sentence.

We conclude the People are correct, rendering Figueroa's claims moot. We will vacate the sentence and remand for a new sentencing hearing. In so doing, we determine an increase in sentence does not violate double jeopardy principles and the pleadings adequately advised of the maximum potential punishment.

### BACKGROUND

*Charges*

The Tulare County District Attorney charged Figueroa with committing seven crimes. Counts 1 and 2 charged violations of section 288, subdivision (b)(1), forcible lewd act on a victim under 14 years old. Each count included a special allegation the crimes involved binding and tying the victim within the meaning of section 667.61, subdivisions (a), (b), and (e).

---

[1] All statutory references are to the Penal Code.

2

Counts 3, 4, and 5 charged violations of section 288, subdivision (a), lewd act on a victim under 14 years old. Counts 4 and 5 included a special allegation the crimes involved substantial sexual conduct within the meaning of section 1203.066, subdivision (a)(8).[2]

Count 6 charged a violation of section 136.1, subdivision (b)(2), dissuading a witness from participating with the prosecution. Count 7 charged a violation of section 273.6, subdivision (a), disobeying a domestic relations court order.

*Trial Evidence*

The victim testified Figueroa assaulted her while she was sleeping in her bed. After binding her wrists with window curtains and electrical cords, he attempted to penetrate her and grabbed her breast. DNA samples taken near the victim's genitalia matched Figueroa's DNA profile.

The victim also testified to two other incidents involving Figueroa. In one incident, he carried her to bed and, while lying down with her, grabbed her breast. In the other incident, he placed his hand atop her clothes near her vagina. After she removed his hand, he replaced it.

After Figueroa was arrested, he wrote several letters to the victim's mother. In the letters he variously stated that not cooperating with the prosecution would benefit his case.[3]

*Verdicts and Sentence*

Figueroa was convicted as charged. All special allegations were found true. He was sentenced to serve 40 years eight months to life in prison as follows: count 1, 15

---

[2] This special allegation renders a person ineligible for probation.

[3] Before trial, Figueroa pled no contest to count 7, disobeying a domestic relations order.

3

years to life; count 2, 15 years to life; count 3, six years; count 4, two years; count 5, two years; count 6, eight months.[4]

## DISCUSSION

The People's request to increase Figueroa's sentence upon remand raises two constitutional issues: Double jeopardy and due process. We address each in turn.

### I. Double Jeopardy Is Not Implicated

Under the One Strike Law, enumerated sex crimes committed under specific circumstances are punished by life imprisonment. (§ 667.61.) The minimum sentence under the One Strike Law is 15 years to life. (§ 667.61, subd. (b).) When a victim is under 14 years old, the minimum punishment is instead 25 years to life. (§ 667.61, subd. (j)(2).)

Pursuant to the One Strike Law, the court here sentenced Figueroa to serve 15 years to life in prison for each section 288, subdivision (b) conviction (counts 1 and 2). This sentence is error because the victim was under 14 years old. Indeed, all victims of section 288, subdivision (b) are necessarily under 14 years old. The correct punishment is "imprisonment in the state prison for 25 years to life."[5] (§ 667.61, subd. (j)(2).)

"An unauthorized sentence is subject to correction when it comes to the attention of the reviewing court." (*People v. Tua* (2018) 18 Cal.App.5th 1136, 1140.) "'The unauthorized sentence exception is "a narrow exception" to the waiver doctrine that normally applies where the sentence "could not lawfully be imposed under any circumstance in the particular case," for example, "where the court violates mandatory provisions governing the length of confinement."'" (*People v. Turrin* (2009) 176 Cal.App.4th 1200, 1205.) The "sentence can be corrected at any time." (*Ibid.*)

---

**4** No time was imposed on count 7.

**5** Section 667.61, subdivision (j)(1) provides for imprisonment for life without the possibility of parole under circumstances not applicable to this case.

4

Ordinarily, "[w]hen a defendant successfully appeals a criminal conviction, California's constitutional prohibition against double jeopardy precludes the imposition of more severe punishment on resentencing." (*People v. Hanson* (2000) 23 Cal.4th 355, 357.) But "[t]he rule is otherwise when a trial court pronounces an unauthorized sentence. Such a sentence is subject to being set aside judicially and is no bar to the imposition of a proper judgment thereafter, even though it is more severe than the original unauthorized pronouncement." (*People v. Serrato* (1973) 9 Cal.3d 753, 764, disapproved on other grounds in *People v. Fosselman* (1983) 33 Cal.3d 572.)

The sentence in this case was unauthorized. The Legislature prescribed mandatory sentences for crimes involving the circumstances in this case. Any deviation from the mandatory sentence is unauthorized. (See § 667.61, subd. (g) [no discretion to strike special allegation]; *In re Vaquera* (2019) 39 Cal.App.5th 233, 244-245, review granted November 26, 2019, S258376 (*Vaquera*) [One Strike sentence is mandatory].)

Accordingly, correcting the sentence does not implicate double jeopardy.[6] (*People v. Vizcarra* (2015) 236 Cal.App.4th 422, 436-438.)

## II. Due Process Is Satisfied

While we conclude an increased sentence upon remand in this case would not violate double jeopardy principles, due process concerns present a distinct issue. The issue is currently under review in the Supreme Court in *Vaquera, supra,* 39 Cal.App.5th 233, and *People v. Zaldana* (2019) 43 Cal.App.5th 527, review granted March 18, 2020, S259731 (*Zaldana*).

"A defendant has a due process right to fair notice of the allegations that will be invoked to increase the punishment for his or her crimes. [Citation.] To the extent

---

[6] Figueroa's consecutive sentencing claim is moot by virtue of our decision to remand the matter for a new sentencing hearing. We express no opinion on whether concurrent or consecutive sentences are ultimately appropriate but note the following. The trial court must comply with section 667.61, subdivision (i), which mandates "a consecutive sentence for each offense that results in a conviction under this section if the crimes involve separate victims or involve the same victim on separate occasions." "In determining whether crimes against a single victim were committed on separate occasions … the court shall consider whether, between the commission of one sex crime and another, the defendant had a reasonable opportunity to reflect upon his or her actions and nevertheless resumed sexually assaultive behavior. Neither the duration of time between crimes, nor whether or not the defendant lost or abandoned his or her opportunity to attack, shall be, in and of itself, determinative on the issue of whether the crimes in question occurred on separate occasions." (§ 667.6, subd. (d).) "[M]ultiple sex offenses occur[] on a 'single occasion' … if there [is] a close temporal and spatial proximity between offenses." (*People v. Jones* (2001) 25 Cal.4th 98, 100-101.) The court must also comply with rules 4.406 and 4.425 of the California Rules of Court. (See *People v. Henderson* (2020) 46 Cal.App.5th 533, 553 ["If the court elects consecutive sentences it must state reasons for its decision."].)

It is worth noting the trial court may ultimately impose a less severe total sentence. For example, if the court upon remand concludes concurrent sentences on counts 1 and 2 are appropriate, the total sentence will necessarily decrease. Neither party contends this possibility renders the issue not ripe for decision. We conclude remand to the trial court to impose a more severe sentence on any individual count is sufficient to present an issue ripe for decision.

6

[Figueroa] contends he was not provided adequate notice of the punishment he faced, we are not persuaded." (*People v. Houston* (2012) 54 Cal.4th 1186, 1227.)

The information in this case alleged a special allegation pursuant to section 667.61, subdivisions (a), (b), and (e), and listed the circumstance of "tying or binding." Section 667.61, subdivision (a) prescribes punishment of 25 years to life. This alone constituted adequate notice of a potential 25-years-to-life sentence.

More importantly, section 667.61, subdivision (b) prescribes punishment of 15 years to life "[e]xcept as provided in subdivision … (j)." Subdivision (j) in turn clearly states that when the victim is under 14 years old, the punishment is 25 years to life. (§ 667.61, subd. (j)(2).) Because subdivision (b) clearly, directly, and immediately references subdivision (j), the subdivisions are necessarily read in conjunction. (*Vaquera, supra,* 39 Cal.App.5th at p. 242 ["The 25-year-to-life [sentence] was effectively noted in the information by reference to section 667.61, subdivision (b), which specifically references, in its introductory clause, section 667.61, subdivision (j), as an exception to its provisions."]; *Zaldana, supra,* 43 Cal.App.5th at p. 535 [same].) No other conclusion is reasonable.

We recognize the Sixth District held otherwise in *People v. Jimenez* (2019) 35 Cal.App.5th 373. The court there held the reference in the information to section 667.61, subdivision (b) was inadequate to notify the defendant the potential sentence was 25 years to life. (*People v. Jimenez*, *supra*, at pp. 395-398.) We disagree with *Jimenez* for two reasons.

First, the information here referenced both section 667.61, subdivisions (a) and (b). Subdivision (a) states the punishment is 25 years to life, albeit in circumstances ultimately neither pled nor proved. Second, the *Jimenez* court "overlooked a critical fact: subdivision (b) itself refers to subdivision (j)." (*Zaldana, supra,* 43 Cal.App.5th at p. 535.) As explained above, subdivisions (b) and (j) are necessarily read in tandem.

7

The prosecution here pled and proved the circumstances necessary to prove the special allegations. (§ 667.61, subd. (o) ["The penalties provided in this section shall apply only if the existence of any circumstance specified in subdivision (d) or (e) is alleged in the accusatory pleading pursuant to this section, and is either admitted by the defendant in open court or found to be true by the trier of fact."].) Because the pleadings appropriately referenced the applicable circumstance, Figueroa was afforded adequate notice that 25 years to life was a potential sentence upon conviction.[7][8]

## DISPOSITION

The sentence is vacated. We remand to the trial court to conduct a new sentencing hearing consistent with this opinion.


SMITH, J.

WE CONCUR:


DETJEN, Acting P.J.


MEEHAN, J.

---

[7] We further note that moments after the verdicts were read and recorded, Figueroa's counsel stated, "He's looking at about a hundred to life." Although counsel's statement constituted both a gross overestimation and oversimplification, it nonetheless sheds light on whether notice in the pleadings was constitutionally adequate.

[8] Figueroa raised an additional claim relating to his inability to pay fines and fees imposed as part of his sentence. (See *People v. Dueñas* (2019) 30 Cal.App.5th 1157.) This claim is moot as he may raise it in the trial court upon remand.