Filed 11/15/21  P. v. Russell CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>SHANE LELAND RUSSELL,<br><br>  Defendant and Appellant. | F080748<br><br>(Kern Super. Ct. No. LF012413A)<br><br>**OPINION** |

THE COURT*

APPEAL from a judgment of the Superior Court of Kern County.  Brian M. McNamara, Judge.

Rachel Varnell, under appointment by the Court of Appeal, for Defendant and Appellant.

Matthew Rodriquez, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Daniel B. Bernstein and Nikta (Nikki) Allami, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

* Before Franson, Acting P. J., Meehan, J. and De Santos, J.

## INTRODUCTION

Appellant and defendant Shane Leland Russell was convicted of several offenses for physically assaulting his girlfriend. On appeal, defendant contends the matter must be remanded for resentencing, and his defense attorney was prejudicially ineffective for failing to request an ability to pay hearing based on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 when the court imposed the restitution fine and other fees.

The parties agree the matter must be remanded for resentencing for the court to clarify how it calculated defendant's total fixed term since it improperly imposed a "concurrent" term for a prior serious felony enhancement, whether it intended to dismiss the prior serious felony enhancement, if it dismissed the other prior conviction allegations, and correct other inconsistencies in the record. The parties also agree that on remand, defendant may challenge the trial court's imposition of a restitution fine and other fees pursuant to *Dueñas*. We affirm defendant's convictions, vacate the sentence, and remand accordingly.

## FACTS

On May 9, 2019, defendant and K.S. had been in a dating relationship for six months and were living together. They argued because K.S. wanted to take a break from their relationship. Defendant became angry because he thought she was seeing another man. K.S. tried to retrieve her cell phone. Defendant twisted and held down her arms, pried the phone away from her, and threw it against the wall, but it did not break.

K.S. said she was going to call the police and tried to retrieve her phone. Defendant grabbed the phone and smashed it into pieces against a door. Defendant put both hands around K.S.'s neck, laid her on the floor, and choked her with significant pressure. K.S. felt numb and blacked out.

When K.S. regained consciousness, defendant was on the other side of the room. She grabbed a knife to scare him away from her. Defendant took the knife away from her.

2.

K.S. ran out of the apartment and called out to a bystander for help. Defendant ran outside and told the bystander to mind his own business, and the man walked away.

K.S. ran back to the apartment and locked the door. Defendant kicked down the door and K.S. escaped out of the side door. She ran down an alley and found a police officer. She told him what happened, showed her injuries, and asked for help. K.S. suffered visible scratches, scuff marks, and redness on her hands, wrists, and arms from the altercation. K.S. requested and received an emergency protective order that day because she was afraid of defendant.

K.S. testified that on the morning after the incident, she was with her landlord when defendant arrived. Defendant was crying, begged her not to talk to the police or press charges, and said they could figure it out.

The court admitted evidence of defendant's prior acts of domestic violence (Evid. Code, § 1109) committed against S.F. in 2007, when they were in a dating relationship. Defendant put her in a chokehold during an argument. She broke free, stabbed him with a knife, and locked herself in the bathroom. Defendant broke down the door, hit S.F. in the face, and used a stun gun on her leg.

## PROCEDURAL BACKGROUND

On July 23, 2019, an information was filed in the Superior Court of Kern County charging defendant with count 1, robbery of K.S. in an inhabited dwelling house (Pen. Code, § 212.5, subd. (a)(2));[1] count 2, dissuading a witness, K.S., by force or threat (§ 136.1, subd. (c)(1)); count 3, willful infliction of corporal injury on K.S. (§ 273.5, subd. (a)); count 4, destruction of a wireless communication device with intent to prevent summoning of assistance, a misdemeanor (§ 591.5); and count 5, misdemeanor vandalism of property belonging to S.D. causing less than $400 in damage (§ 594, subd. (b)(2)(A)).

---

[1] All further statutory citations are to the Penal Code unless otherwise indicated.

As to count 3, it was alleged defendant personally inflicted great bodily injury under circumstances involving domestic violence (§ 12022.7, subd. (e)), and he had been convicted of a prior domestic violence offense in 2016, within seven years of the currently charged offense (§ 273.5, subd. (f)(1)).

It was further alleged that defendant had two prior strike convictions (§§ 667, subds. (c)–(j), 1170.12, subds. (a)–(e)); two prior serious felony conviction enhancements (§ 667, subd. (a)), and two prior prison term enhancements (§ 667.5, subd. (b)).

On July 31, 2019, the court served defendant with a criminal protective order prohibiting contact with K.S.

**Jury trial and verdict**

On October 24, 2019, after a jury trial, defendant was convicted of count 2, dissuading a witness by force or threat (§ 136.1, subd. (c)(1)); count 3, willful infliction of corporal injury with force or violence. (§ 273.5, subd. (a)); count 4, destruction of a wireless communication device with intent to prevent summoning of assistance, a misdemeanor; and count 5, misdemeanor vandalism of property.

The jury was unable to reach verdicts on count 1, robbery, and the great bodily injury enhancement attached to count 3, and the court declared mistrials on those charges.

## BENCH TRIAL ON THE PRIOR CONVICTION ALLEGATIONS

On November 14, 2019, the court held the bifurcated bench trial on the prior conviction allegations.

As to counts 2 and 3, the information alleged defendant had two prior strike convictions, two prior serious felony conviction enhancements, and two prior prison term enhancements, based on defendant's convictions for (1) violating section 245, subdivision (a)(1) on April 24, 1996, in Kern County Superior Court case No. SC065852A; and (2) violating section 273.5, subdivision (a), on February 22, 2007, in case No. TF004797A.

4.

As to count 3, it separately alleged defendant had a prior conviction for domestic violence within seven years of the charged offense, within the meaning of section 273.5, subdivision (f)(1), based on his conviction for violating section 273.5, subdivision (a) on February 2, 2016, in case No. LF010844A.

**The reporter's transcript**

At the beginning of the bench trial, the court stated it had reviewed the information and the prior conviction allegations.

> "THE COURT: … *We had an off-the record discussion*. The Court checked over the Information, and it had several ones. Counsel have worked all that out, and we're proceeding on one case today, which is SC065852A, April 24, 1996. The People are proceeding on a strike allegation and a [section] 667.5(a) allegation; correct?
>
> "[THE PROSECUTOR]: It's just a [section] 667(a) allegation, not [subdivision (a)(5)].
>
> "THE COURT: That's true. Forgive me. The strike allegation and the nickel prior.
>
> "[THE PROSECUTOR]: Yes." [2]

Next, the prosecutor introduced documentary exhibits to prove the 1996 prior strike conviction for assault alleged as the prior strike conviction and prior serious felony enhancement, and the 2016 prior domestic violence conviction alleged under section 273.5, subdivision (f). The court took the matter under submission, reviewed the documents, and then made its findings:

> "[The Court] does find the convictions true. As to the qualifications under [section] 667(e), the Court does find the convictions qualify under [section] 667(e) and under Penal Code [section] 667(a) to be true. In addition, the dockets support a true finding under Penal Code [section] 273.5(f) for sentencing purposes."

---

[2] As will be explained below, the record is not clear as to when or whether the court dismissed the prior conviction allegations based on defendant's 2007 conviction.

**The first minute order**

While the court's exchange with the prosecutor at the beginning of the bench trial strongly infers the prior-conviction allegations based on defendant's 2007 conviction had already been dismissed during the "off-the record" discussions, the minute orders conflict with the reporter's transcript because the court did not dismiss any of the other allegations *on the record*.

The minute order states that as to count 2, the court found true the prior strike conviction and the prior serious felony enhancement based on defendant's 1996 assault conviction, and it ordered the other allegations for count 2 stricken, which would include the prior prison term enhancement based on the 1996 conviction, and the three allegations based on his 2007 prior conviction.

As to count 3, the minute order states the court found true the allegation that defendant had a prior domestic violence conviction in 2016 pursuant to section 273.5, subdivision (f); found true the prior serious felony enhancement based on the 1996 assault conviction; and ordered the other allegations alleged as to count 3 stricken.

**The corrected minute order**

The court subsequently filed an amended and corrected minute order for the November 14, 2019, bench trial, but it still conflicts with the court's findings in the reporter's transcript.

The amended minute order again states that as to count 2, the court found true the prior strike conviction and prior serious felony enhancement based on his assault conviction in 1996, and that it ordered the other allegations stricken.

As to count 3, the amended minute order states the court found true the prior domestic violence conviction in 2016 pursuant to section 273.5, subdivision (f), the prior serious felony enhancement, *and* the prior strike conviction based on his 1996 assault conviction and ordered the other allegations as to count 3 stricken. As previously

explained, however, the court did not dismiss any of the prior conviction allegations on the record.

## SENTENCING

**Probation report's recommendations**

The probation report recommended imposition of a "total fixed term" of 21 years based on the following calculation.

As to count 3, willful infliction of corporal injury with a prior domestic violence conviction, the sentencing choices were two, four, or five years in prison (§ 273.5, subds. (a), (f).) The report recommended the upper term of five years, doubled to 10 years as the second strike sentence.

As to count 2, dissuading a witness by force or threat, the sentencing choices were two, three, or four years in prison. (§ 136.1, subd. (c)(1)) The report recommended a fully consecutive midterm of three years, doubled to six years "and enhanced by five years pursuant to PC 667(a) for a total of 11 years" for count 2.

The probation report stated fully consecutive sentences were appropriate because defendant committed counts 2 and 3 with separate intents during two distinctive periods of violence.

**Sentencing hearing**

On January 9, 2020, the court held the sentencing hearing. Defense counsel moved for the court to dismiss the prior strike conviction pursuant to section 1385. The court denied the motion.

Defense counsel acknowledged defendant would receive a second strike term and argued the court should not impose an upper term as recommended in the probation report. Counsel argued that it would be more appropriate to impose double the lower or middle terms based on defendant's conduct in the case. The People replied that the upper term was appropriate because defendant engaged in violent conduct against the victim.

The court stated it would impose the upper term because the aggravating factors outweighed the mitigating factors, but it would impose concurrent instead of the recommended consecutive terms for counts 2 and 3.

The court began with count 3, willful infliction of corporal injury with a prior domestic violence conviction (§ 273.5, subds. (a), (f)), and imposed the upper term of five years, doubled to 10 years as the second strike sentence.

The court next addressed count 2, dissuading a witness (§ 136.1, subd. (c)(1)), and imposed the midterm of three years, doubled to six years as the second strike sentence. The court stated the sentence for count 2 would run concurrent to that imposed for count 3, and "[s]aid sentence to be enhanced by five years pursuant to [section] 667(a).… *Total fixed term of ten years*." (Italics added.)

The court imposed a concurrent term for misdemeanor count 5 and stayed the term for count 4 pursuant to section 654. The court served defendant with a criminal protective order prohibiting contact with K.S. for 10 years.

The court imposed a $300 restitution fine (§ 1202.4, subd. (b)) and stayed the $300 parole revocation fine (§ 1202.45), with victim restitution in an amount to be determined (§ 1202.4, subd. (f)). The court imposed court operations assessments of $160 (§ 1465.8) and criminal conviction assessments of $120 (Gov. Code, § 70373).

### *The prosecutor's objections*

Immediately after the court pronounced sentence and just before it adjourned the hearing, the prosecutor stated the court made a mistake:

> "[THE PROSECUTOR]:  Judge, you did the sentence wrong. If you're going to run it concurrent, it has to be a total fixed term of 11 years, not 10.

> "THE COURT:  Why is it 11?

> "[THE PROSECUTOR]:  The 667(a), six plus five equals 11.

> "THE COURT:  Did I not say that?

"[THE PROSECUTOR]:   You said total fixed term of ten years.

"THE COURT:      I'm going to correct that, absolutely …. I know what you're saying. I actually stated it wrong. I knew what it was doing, but not fully. Let me state that again. Make sure everyone's correct. [¶] *The total fixed term you will spend is ten years*. [¶] Eleven years is Count 2, correct?

"[THE PROSECUTOR]:   You can't do that, Judge, because 11 carries more time. That would have to be the controlling sentence.

"THE COURT:      I had that in my mind and I didn't ask the question. I was going to invite Probation back to switch it.

"[THE PROSECUTOR]:   You can't switch it, not if you're running it concurrent, because that takes more time. So either way they're running concurrent, so he has to do the 11 years because it's run concurrent. That is his sentence, is the 11 years.

"THE COURT:      *We'll do it that way, then*. Thank you. You clarified something I didn't fully get. I thought about halfway through I should deal with it, but didn't. [¶] With that in mind, let me make sure I get that right. Count 2, we'll strike the previous decision on Count 2. Probation is denied. The defendant is sentenced to the Department of Corrections for the midterm of six years. *Said sentence to be served fully concurrent to the sentence imposed in Count 3. Said sentence to be enhanced by five years, pursuant to Section 667(a) …, for a total fixed term of 11 year*s."[3] (Italics added.)

The court set a hearing for the retrial on count 1 and the great bodily injury enhancement attached to count 3, and adjourned.

**The abstract of judgment**

The abstract of judgment states that the court sentenced defendant to a total term of 11 years, and that he received 10 years for count 3, a concurrent term of six years for count 2, and another concurrent term of five years for the prior serious felony enhancement.

---

**3** As will also be discussed below, the court improperly imposed the prior serious felony enhancement as a concurrent term, and remand for resentencing is required.

**Appellate motions**

On February 7, 2020, defendant filed a timely notice of appeal.

On April 12, 2020, appellate counsel sent a letter to the superior court pursuant to section 1237.2, requesting the court to stay and/or strike the fines and fees imposed and conduct an ability to pay hearing pursuant to *Dueñas*.

On October 15, 2020, appellate counsel sent another letter to the superior court about a sentencing error. Counsel stated according to the abstract of judgment, the court imposed a total term of 11 years, based on the upper term of 10 years for count 3, with a concurrent term of six years for count 2 and another concurrent term of five years for the prior serious felony enhancement. Counsel further stated:

> "Because the prior serious felony enhancement is a sentence enhancement, and not a conduct enhancement attached to a specific count, it cannot be imposed concurrently. Due to this issue, the Department of Corrections is holding [defendant] for a fifteen year term – imposing the five year prior serious felony enhancement because it cannot run concurrently –instead of the eleven years this Court imposed."

The superior court has not responded to either of appellate counsel's letters.

## DISCUSSION

### I.      Remand for Resentencing

The parties agree the matter must be remanded for resentencing and clarification on several points.

#### A.      *The Prior Serious Felony Enhancement*

First, the parties agree that the court erroneously attached the section 667, subdivision (a) prior serious felony enhancement to a specific offense, count 2, instead of imposing it as part of the aggregate sentence. Section 667, subdivision (a) enhancements "go to the nature of the offender, not the offense, and thus 'have nothing to do with particular counts.' [Citation.]" (*People v. Sasser* (2015) 61 Cal.4th 1, 10.) The court improperly attached the prior serious felony enhancement to count 2 because "the prior

10.

serious felony enhancement should have been imposed on the aggregate determinate sentence. [Citations]." (*People v. Tua* (2018) 18 Cal.App.5th 1136, 1142.)

The court disagreed with the probation report's recommendation for a total fixed sentence of 21 years using fully consecutive terms for counts 2 and 3. Instead, it repeatedly stated that it intended to sentence defendant to a total fixed term of 10 years by imposing 10 years for count 3, with concurrent terms for both count 2 and the "attached" five-year prior serious felony enhancement.

The court improperly imposed the prior serious felony enhancement as a concurrent term. "The terms of the present offense and each enhancement shall run consecutively." (§ 667, subd. (a).) The court may not have realized that it could have imposed a total fixed sentence of 10 years by dismissing the section 667, subdivision (a) enhancement, rather than improperly imposing it as part of count 2's concurring term. Effective January 1, 2019, section 667, subdivision (a) and section 1385 were amended to remove the prohibitions on striking or dismissing a prior serious felony enhancement, and the court could have exercised discretion to strike or dismiss the five-year term for sentencing purposes. (*People v. Garcia* (2018) 28 Cal.App.5th 961, 971; *People v. Zamora* (2019) 35 Cal.App.5th 200, 208.)

" '[W]hen the record shows that the trial court proceeded with sentencing on the ... assumption it lacked discretion, remand is necessary so that the trial court may have the opportunity to exercise its sentencing discretion at a new sentencing hearing. [Citations.] Defendants are entitled to "sentencing decisions made in the exercise of the 'informed discretion' of the sentencing court," and a court that is unaware of its discretionary authority cannot exercise its informed discretion.' [Citation.]" (*People v. McDaniels* (2018) 22 Cal.App.5th 420, 425.)

The court's apparent failure to realize that it had the discretion to dismiss the five-year prior serious felony enhancement so it could impose a total fixed term of 10 years requires remand for resentencing.

11.

## B. *The Total Fixed Term*

Next, the parties dispute the scope of the court's sentencing discretion on remand, and whether the court intended to impose a total fixed term of 10 years, 11 years, or even 15 years. Defendant asserts the court intended to impose a total fixed term of 10 years, and the matter must be remanded for the court to dismiss the prior serious felony enhancement to reach that intended result.

The People argue the court intended to impose a total fixed term of 11 years, based on the court's statements after the prosecutor said the court made a mistake and the sentence for count 2 could not be concurrent. The People also suggest the court could have imposed an aggregate term of 15 years, based on using the 10-year sentence for count 3 as the base term, and adding a consecutive term of five years for the prior serious felony enhancement. However, the People concede that remand for resentencing is appropriate because it is not clear whether the court "simply miscalculated the resultant term with the five-year enhancement for the serious prior felony conviction" or it did not understand that it had discretion to dismiss the prior serious felony enhancement.

In his reply brief, defendant again argues the court intended to impose a total fixed term of 10 years and further asserts the court cannot impose a longer aggregate sentence on remand.

Defendant is correct that "a felony defendant's original aggregate prison term cannot be *increased* on remand for resentencing following a partially successfully appeal. [Citations.]" (*People v. Burbine* (2003) 106 Cal.App.4th 1250, 1253; *People v. Villanueva* (2011) 196 Cal.App.4th 411, 420.) This rule does not apply if the trial court originally imposed an unauthorized sentence. (*People v. Vizcarra* (2015) 236 Cal.App.4th 422, 430.)

The imposition of a concurrent term for the prior serious felony enhancement resulted in an unauthorized sentence. As set forth above, however, the court rejected the probation report's recommendation for an aggregate term of 21 years based on fully

12.

consecutive sentences. Instead, the court intended to impose a total fixed term of 10 years based on concurrent sentences for counts 2 and 3. It imposed the upper term of five years, doubled to 10 years, as the second strike term for count 3; and a concurrent term of three years, doubled to six years for count 2, and mistakenly believed it could attach the prior serious felony enhancement as part of the concurrent term for count 2 to avoid imposing more than 10 years.[4]

When the prosecutor objected and asserted the principal term should be the 11-year sentence for count 2 since it was longer than count 3, the court restated the same sentence that added to 10 years. The abstract of judgment states that the court sentenced defendant to a total term of 11 years, but that he received 10 years for count 3, a concurrent term of six years for count 2, and another concurrent term of five years for the prior serious felony enhancement.

The court clearly intended to impose a total fixed term of 10 years, failed to realize it had the discretion to dismiss the prior serious felony enhancement instead of erroneously imposing it as a concurrent term, and the abstract of judgment is inconsistent with the court's imposition of sentence.

We thus remand the matter for the court to impose its intended total fixed term of 10 years, based on the upper term of five years, doubled to 10 years for count 3, with a concurrent term of six years for count 2, exercise its discretion to dismiss the five-year prior serious felony enhancement pursuant to section 1385, and issue an amended abstract of judgment reflecting the corrected sentence.

---

[4] There are interlineations on the probation report's sentencing recommendations which correspond to the court's statements at the sentencing hearing. The recommendation for a total fixed term of "21" years is crossed out, and "10" years is written in; and the recommendation for a "fully consecutive" term for count 2 is crossed out, and "C/C" is written in, presumably referring to a "concurrent" term.

**C.** *Other Sentencing Issues*

The parties have pointed out other sentencing issues that should be corrected on remand.

First, as set forth above, there are discrepancies between the reporter's transcript of the bench trial on the prior conviction allegations, with the original and corrected minute orders, as to whether the trial court only found true the prior conviction allegations based on defendant's offense in 1996, and dismissed the allegations based on his 2007 prior conviction. The record strongly infers that the court dismissed the other prior conviction allegations during the "off-the-record" discussion with the parties, but it never did so on the record. On remand, the court shall clarify the nature of its findings at the bench trial on the prior conviction allegations and correct the record accordingly.

Next, the court ordered defendant to pay operations assessments of $160 (§ 1465.8) and criminal conviction assessments of $120 (Gov. Code, § 70373). However, the abstract of judgment incorrectly states the court ordered defendant to pay $120 for the operations assessments (§ 1465.8) and $90 for the criminal conviction assessments (Gov. Code, § 70373). The abstract must be corrected accordingly.

## II.    The Restitution Fine and Fees

Defendant argues that when the court imposed the restitution fine and other fees, his defense counsel was prejudicially ineffective for failing to request an ability to pay hearing based *Dueñas* since the case was decided over one year prior to the sentencing hearing in this case.[5]

We need not address these contentions because the parties agree that defendant may raise his ability to pay argument on remand.

---

**5** The California Supreme Court is currently considering whether trial courts must consider a defendant's ability to pay before imposing or executing fines, fees, and assessments; and if so, which party bears the applicable burden of proof. (See *People v. Kopp* (2019) 38 Cal.App.5th 47, 94–98, review granted Nov. 13, 2019, S257844.)

## **DISPOSITION**

Defendant's convictions are affirmed.  The sentence is vacated, and the matter remanded for further appropriate proceedings.