Filed 11/13/24  P. v. Jackson CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G062502 |
| v. | (Super. Ct. No. 16CF1535) |
| CHRISTOPHER ADAM JACKSON, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Jeannie M. Joseph, Judge. Affirmed in part, reversed in part, and remanded with directions.

Sally Patrone, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier and Nora S. Weyl, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Christopher Adam Jackson appeals from an order denying his petition for dismissal pursuant to Penal Code section 1203.4 (all undesignated statutory references are to this code) and his request to reduce his felony convictions to misdemeanors under section 17, subdivision (b). Jackson argues: (1) the trial court abused its discretion by denying his motion for automatic conviction record relief under Senate Bill No. 731 (2021–2022 Reg. Sess.) (Senate Bill 731) (Stats. 2022, ch. 814, § 7); (2) section 1203.4 relief was mandatory because he fulfilled the probation conditions for the entire probation period; and (3) the trial court abused its discretion by denying his request to reduce one of his felony convictions— count 12 (defrauding victims of money or property over $950 (§ 532, subd. (a))—to a misdemeanor under section 17, subdivision (b).

We affirm in part and reverse in part. We agree the trial court erred by failing to grant the section 1203.4 petition. But we reject Jackson's remaining arguments and affirm the order in all other respects.

FACTUAL AND PROCEDURAL BACKGROUND

In July 2016, the prosecutor filed an amended complaint, charging Jackson with numerous counts based on various offenses. As to count 12, the amended complaint alleged property loss of over $200,000 (Former § 12022.6, subd. (a)(2)).

In September 2016, pursuant to a plea agreement, Jackson pleaded guilty to the following: four counts of falsifying documents (§ 134); three counts of perjury by declaration (§ 118, subd. (a)); four counts of recording a false and forged instrument (§ 115, subd. (a)); and count 12 (defrauding victims of money or property over $950 (§ 532, subd. (a)).

As part of the terms and conditions of his felony probation, the imposition of sentence was suspended. Jackson was placed on supervised

2

probation for three years and ordered to serve 180 days in county jail. He agreed to pay $304,278 in victim restitution on count 12. He also agreed to: "Pay mandatory fee of $70 for each count convicted. [Court Operations-$40.00- [*§*] 1465.8 and Facilities- $30.00- [*Gov. Code, §*] 70373]."[1]

In November 2022, Jackson filed a section 1203.4 petition for dismissal. He additionally requested certain felony convictions be reduced to misdemeanors under section 17, subdivision (b). He wrote in pertinent part: "Prior to this case and charges I was never accused or convicted of any felony before in my life. This case arose from a dispute over my family estate and in my capacity as trustee of my family estate with my siblings. Prior to my conviction I had a successful private label apparel manufacturing company, and a successful talent management career which I can only work in without any felony convictions. Since my felony conviction I have worked small labor jobs without any future growth hoping that when I completed my probation I could expunge my criminal record and go back to my career of over 30 years. . . . In September of 2022 [Governor] Gavin Newsom signed [Senate Bill] 731 . . . that all criminal records be sealed automatically after four years from the date of conviction if the convicted person has had no new felonies. I have had no new convictions within the past four years following my conviction."

In March 2023, the trial court denied with prejudice the reduction of felony counts 2–6, 14, 16, 18, 22, and 26 to misdemeanors

---

[1] Insertions added by this court are placed in brackets and italicized to distinguish them from the bracketed insertions appearing in the original material.

because they were ineligible for relief under section 17, subdivision (b).[2] It denied without prejudice the reduction of felony count 12, a wobbler, to a misdemeanor. The trial court explained: "This was a serious crime with large losses. Further, [Jackson] has not established that relief is in the interests of justice by declaration, letters of recommendation, or any other means, to show his remorse, treatment, and/or rehabilitation."

The trial court also denied without prejudice the section 1203.4 petition for dismissal of all convictions. It explained: "Relief is discretionary when a defendant has violated probation, as [Jackson] did here. [Jackson] has not established that relief is in the interests of justice by declaration, letters of recommendation, or any other means, to show his remorse, treatment, and/or rehabilitation. Further, [Jackson] still owes fines, fees, and restitution and, thus, was not successful on probation."[3]

Jackson timely appealed.

## DISCUSSION

### I.

### SENATE BILL 731

Jackson argues the trial court abused its discretion when it failed to consider providing automatic conviction record relief under Senate Bill 731. Senate Bill 731 added section 1203.425, subdivision (a)(1)(B)(iv)(II),

---

[2] Jackson also moved to reduce felony count 19 to a misdemeanor, but it appears the trial court did not rule on count 19 (§ 118). Nevertheless, only count 12 is an issue on appeal.

[3] A probation memorandum, issued on the same day as the trial court's order, indicated Jackson owed the following: victim restitution ($304,278), victim restitution surcharge ($297.65), state restitution fine ($280), criminal conviction assessment fee ($360), and a court operation fee ($480).

which provides a procedure for automatic conviction record relief for felony convictions. (Stats. 2022, ch. 814, § 7.) But, as Jackson acknowledges, section 1203.425, subdivision (a)(1)(B)(iv)(II) was not operative at the time the trial court denied the petition for dismissal in March 2023.[4] Therefore, it could not have applied. (See *In re William T.* (1985) 172 Cal.App.3d 790, 798–799 [rejecting statutory argument when statute was not operative at time of proceedings].)

Jackson counters the trial court had the authority to stay or continue the proceedings until the statute was operative. But he does not explain how it was an abuse of discretion not to stay or continue the case. When "'a point is merely asserted by [appellant] without any [substantive] argument . . . , it is deemed to be without foundation and requires no discussion.'" (*Holden v. City of San Diego* (2019) 43 Cal.App.5th 404, 418.) Therefore, we deem this argument forfeited.[5]

---

[4] In its briefs, Jackson avers Senate Bill 731 was not in effect at that time. But the issue is not when a bill goes into effect; it is when a statute goes into effect or becomes operative. "'"The effective date [of a statute] is . . . the date upon which the statute came into being as an existing law." [Citation.] "[T]he operative date is the date upon which the directives of the statute may be actually implemented." [Citation.] Although the effective and operative dates of a statute are often the same, the Legislature may "postpone the operation of certain statutes until a later time." [Citation.]'" (*People v. Alford* (2007) 42 Cal.4th 749, 753, fn. 2.) Under Senate Bill 731, section 1203.425, subdivision (a)(1)(B)(iv)(II) went into effect on January 1, 2023, before the trial court denied the petition for dismissal. But Senate Bill 731 stated section 1203.425, subdivision (a)(1)(B)(iv)(II) would not be operative until July 1, 2023. (Stats. 2022, ch. 814, § 7.)

[5] Nothing in the record indicates Jackson filed a motion to stay or to continue the case before the trial court.

II.

SECTION 1203.4

Section 1203.4, subdivision (a)(1) provides in pertinent part: "When a defendant has fulfilled the conditions of probation for the entire period of probation, or has been discharged prior to the termination of the period of probation, or in any other case in which a court, in its discretion and the interest of justice, determines that a defendant should be granted the relief available under this section, the defendant shall, at any time after the termination of the period of probation, . . . be permitted by the court to withdraw their plea of guilty or plea of nolo contendere and enter a plea of not guilty; or, if they have been convicted after a plea of not guilty, the court shall set aside the verdict of guilty; and, in either case, the court shall thereupon dismiss the accusations or information against the defendant and . . . the defendant shall thereafter be released from all penalties and disabilities resulting from the offense of which they have been convicted . . . ."

This statutory provision specifies three scenarios where a defendant may apply for relief. Under either two scenarios—"[w]hen a defendant has fulfilled the conditions of probation for the entire period of probation, or has been discharged prior to the termination of the period of probation" (§ 1203.4, subd. (a)(1))—dismissal is mandatory. (*People v. Allen* (2019) 41 Cal.App.5th 312, 322–323.) "'Under the third scenario, the court exercises its discretion whether to grant relief in the interests of justice.'" (*Id.* at p. 323.)

When a defendant shows he has fulfilled the probation conditions for the probation period, the "'defendant moving under . . . section 1203.4 is entitled as a matter of right to its benefits . . . . It was apparently intended that when a defendant has satisfied the terms of probation, the trial court

6

should have no discretion but to carry out its part of the bargain with the defendant.' [Citations.] "'The expunging of the record of conviction is, in essence, a form of legislatively authorized certification of complete rehabilitation based on a prescribed showing of exemplary conduct during the entire period of probation." [Citation.]'" (*People v. Bradus* (2007) 149 Cal.App.4th 636, 641.)

Here, Jackson fulfilled the conditions of probation during the probation term. Contrary to the trial court's finding, nothing in the record indicates Jackson violated probation. Moreover, as the Attorney General concedes, the trial court erred by using the unpaid restitution or unpaid restitution fine as grounds for finding Jackson failed to fulfill the probation conditions (§ 1203.4, subd. (c)(3)(B)) or as a basis to deny relief (§ 1203.4, subd. (c)(3)(A) & (C)). Finally, as we discuss further below, because the payment of the court operations assessment (§ 1465.8, subd. (a)(1)) and criminal conviction assessment (Gov. Code, § 70373, subd. (a)(1)) was not a probation condition, the trial court erred by invoking Jackson's failure to pay such fees to find he had not fulfilled the probation conditions. Therefore, the trial court was obligated to grant the section 1203.4 petition for dismissal.[6]

The Attorney General resists our conclusion. The Attorney General focuses on Jackson's failure to pay the court operations assessment

---

[6] In October 2023, Jackson moved to augment the record on appeal with four documents to support his section 1203.4 arguments. He also requested judicial notice for these four documents. We deny both because these documents are unnecessary for resolving the section 1203.4 issue in this appeal. (See *In re M.M.* (2015) 235 Cal.App.4th 54, 59, fn. 4 [denying motion to augment]; *Sweeney v. California Regional Water Quality Control Bd.* (2021) 61 Cal.App.5th 1093, 1118, fn. 3 [denying request for judicial notice].)

(§ 1465.8, subd. (a)(1)) and criminal conviction assessment (Gov. Code, § 70373, subd. (a)(1)). The Attorney General argues the payment of these fees was a probation condition, citing Jackson's terms and conditions of probation, where he agreed to pay these fees. The Attorney General argues, because Jackson did not pay these fees, he did not fulfill the conditions of probation. Therefore, according to the Attorney General, the trial court was not required to grant relief; it properly exercised its discretion, under the third scenario, to deny relief based on Jackson's failure to pay these fees.

This argument misses the mark. Section 1465.8, subdivision (a)(1) provides in pertinent part: "To assist in funding court operations, an assessment of forty dollars ($40) shall be imposed on every conviction for a criminal offense . . . ." Government Code, section 70373, subdivision (a)(1) sets forth in relevant part: "To ensure and maintain adequate funding for court facilities, an assessment shall be imposed on every conviction for a criminal offense . . . ."

The payment of fees under these statutes cannot "be imposed as a probation condition." (*People v. Kim* (2011) 193 Cal.App.4th 836, 842 (*Kim*).) These statutes do not "provide for imposing the fee or assessment as a probation condition." (*Ibid.*) Such fees are "'collateral' to a defendant's crime and punishment." (*Ibid.*) They are "not oriented toward a defendant's rehabilitation but toward raising revenue for court operations. [Citation.] '[A] defendant may be imprisoned for violating a probation condition, but not for violating an order to pay costs and fees.'" (*Ibid.*) Accordingly, the payment of the court operations assessment (§ 1465.8, subd. (a)(1)) and criminal

conviction assessment (Gov. Code, § 70373, subd. (a)(1)) was not a probation condition.[7]

## III.

## SECTION 17

"'The Legislature has classified most crimes as *either* a felony or a misdemeanor, by explicitly labeling the crime as such, or by the punishment prescribed.' [Citation.] However, there is a special category of crimes that is punishable as either a felony or a misdemeanor, depending on the severity of the facts surrounding its commission. [Citation.] These crimes, referred to as 'wobbler[s],' are 'punishable either by a term in state prison or by imprisonment in county jail and/or by a fine.'" (*People v. Tran* (2015) 242 Cal.App.4th 877, 885 (*Tran*).)

Under section 17, subdivision (b)(3), a trial court may reduce a wobbler to a misdemeanor by declaring the crime a misdemeanor "at the time of granting probation, or on application of the defendant or probation officer thereafter . . . ." In exercising its discretion, the trial court considers several factors, including "'the nature and circumstances of the offense, the defendant's appreciation of and attitude toward the offense, or his traits of character as evidenced by his behavior and demeanor at the trial.'" (*People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 978 (*Alvarez*).) The trial court "may also consider the sentencing objectives set forth in California Rules of

---

[7] While it is unclear whether Jackson objected to the imposition of these fees as a probation condition before the trial court, the issue is not forfeited, as the probation condition was "unauthorized as a matter of law and correctable without reference to factual findings." (*Kim, supra*, 193 Cal.App.4th at p. 842.) "The issue raised presents a pure question of law, which we review de novo." (*People v. Tua* (2018) 18 Cal.App.5th 1136, 1140.)

9

Court, rule 4.410. [Citation.] Those include protecting society, punishing the defendant, deterring crime, encouraging the defendant to lead a law-abiding life, and preventing the defendant from committing new crimes. (Cal. Rules of Court, rule 4.410(a).)" (*People v. Dryden* (2021) 60 Cal.App.5th 1007, 1027–1028 (*Dryden*).)

Section 17, subdivision (b) gives the trial court broad discretion. (*Alvarez*, *supra*, 14 Cal.4th at p. 977.) Its discretion "will not be disturbed on appeal unless it is clearly shown the decision was irrational or arbitrary. [Citation.] Absent such a showing, we presume the trial court acted to achieve legitimate sentencing objectives." (*Dryden*, *supra*, 60 Cal.App.5th at p. 1028.)

Here, the trial court declined to reduce felony count 12 to a misdemeanor. Its reasoning focused on the nature of the offense and Jackson's attitude toward the offense. It explained, "This was a serious crime with large losses." It noted he failed to establish "relief is in the interests of justice by declaration, letters of recommendation, or any other means, to show his remorse, treatment, and/or rehabilitation." These were "all appropriate considerations upon which to deny the requested relief." (*Dryden*, *supra*, 60 Cal.App.5th at p. 1028.)

Jackson argues the trial court abused its discretion because it denied the reduction based on a mistaken belief that Jackson violated probation. But this argument mischaracterizes the trial court's order. The trial court did deny the section 1203.4 relief under such a mistaken belief. But nothing in the trial court's order shows it denied the section 17 relief for that reason.

Jackson next argues the trial court should have reduced felony count 12 to a misdemeanor because he successfully completed probation, he

10

has not been convicted of any new offenses, he has worked to reform his record to secure better employment and to contribute to society, and he is less likely to reoffend at the age of 61 years old. But Jackson has not shown how the trial court abused its discretion by failing to give greater weight to these factors. "[E]ven upon successful completion of probation," "the trial court is not required to grant . . . relief" under section 17, subdivision (b). (*Tran, supra*, 242 Cal.App.4th at p. 892.) "The facts and circumstances of the offense remain a relevant consideration in the court's decision whether to grant the relief of section 17[, subdivision] (b). Those circumstances are weighed against other circumstances . . . . The balancing of these facts and circumstances is within the discretion of the trial court." (*Ibid.*)

## DISPOSITION

The trial court's order denying Jackson's petition for dismissal under section 1203.4 is reversed, and the matter is remanded to the trial court. On remand, the trial court is directed to vacate its prior order denying the petition for dismissal under section 1203.4 and enter a new order granting the petition. In all other respects, the order is affirmed.


MOTOIKE, J.

WE CONCUR:


O'LEARY, P. J.


MOORE, J.

11