Filed 1/3/22  P. v. Taylor CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>    v.<br><br>ROBERT MICHAEL TAYLOR,<br><br>       Defendant and Appellant. | C090459<br><br>(Super. Ct. No. 17FE006278) |

A jury found defendant Robert Michael Taylor guilty of, among other things, human trafficking of a minor (Pen. Code, § 236.1, subd. (c)(1)) and found true the special allegation defendant used force or fear against a minor to commit the human trafficking (§ 236.1, subd. (c)(2));[1] pimping a minor (§ 266h, subd. (b)(2)); pandering with a minor (§ 266i, subd. (b)(2)); sodomy of a minor (§ 286, subd. (b)(2)); and lewd or lascivious

---

[1]     Undesignated statutory references are to the Penal Code.

1

acts with a minor (§ 288, subd. (c)(1)).  The jury also found true the special allegation that defendant had been previously convicted of three felony offenses within the meaning of section 667, subdivision (e)(2)(C)(ii).  The trial court declined to strike defendant's prior convictions, and sentenced him to 95 years to life, plus six years determinate.  The trial court also imposed a $10,000 restitution fine.  Defendant challenges his sentence on the basis that the trial court abused its discretion by refusing to strike one of his three strikes under the reasoning of *People v. Vargas* (2014) 59 Cal.4th 635 (*Vargas*).  Defendant also contends it was error for the trial court to impose the restitution fine without first holding an ability to pay hearing.  Finding no error, we affirm.

## BACKGROUND

Defendant does not challenge his convictions; therefore, we will not discuss the details of his crimes.  It suffices to say that, as the jury findings outlined above suggest, defendant was convicted of numerous offenses involving sexual crimes against a minor.  He filed a written pretrial request to strike his prior strike convictions[2] pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.  The trial court denied this request.  In so ruling, the trial court noted:  "In terms of [defendant's] character and prospects, however he got into the situation that he's in, I have no confidence that his character has changed from the time of the commission of these alleged offenses, or that his prospects are different.  He is in no different situation right now than he was at the time that he was alleged to have committed these offenses.

---

[2]  Approximately 25 years before the crimes at issue here, defendant was convicted of two sex offenses at age 16 (forcible sexual penetration with a foreign object [§ 289, former subd. (a)] and oral copulation in concert [former § 288a, subd. (d)]), and burglary (§ 459) when he was 18.

2

"So, applying the *Williams*[3] factors, I am going to deny your invitation to strike any of his priors. As far as I think whether it's a double use of factors to support a strike, I think that's a sentencing matter."

Subsequently, the jury found defendant guilty on seven of eight counts and the court found true the allegation that defendant suffered the prior convictions. Defendant filed a renewed *Romero* motion, which the trial court denied. Specifically, the trial court held: "With regard to the ground pursuant to *Vargas* to strike one of the defendant's juvenile sexual strike priors, that motion is denied. The DA is correct on the law. In *Vargas*, it's the same act. The same act constitute[s] a carjacking and a robbery. It wasn't two separate acts during the same course of conduct. [Defendant's] priors, they were two different acts happening during the same course of conduct. And strike priors have to be separate, but they may arise from multiple counts in a single case. [¶] . . . [¶] Again, those separate acts during the same course of conduct as the DA brought up, you know possession of . . . Section 667.6, specifically treats those sex crimes differently and allow for . . . full separate and consecutive terms unlike the carjacking statutes that say no this is going to be one term. So [section] 667.6 also allows for full separate consecutive terms imposed if the crime involves the same victim on the same occasion. For those reasons, the motion with regard on the grounds of *Vargas* is denied.

"Turning to the *Romero* grounds. The trial court may strike a prior in the rare instance where it would had [*sic*] be in the furtherance of justice. And the court, as counsel has pointed out, must consider in light of the nature and circumstances of his present felonies and the prior serious violent felonies and the particulars of his background, character, and prospects that the defendant may be deemed outside of the

---

**3**     *People v. Williams* (1998) 17 Cal.4th 148.

3

deemed spirit in whole or in part and, therefore, treated as though he has presently not committed one or more of the felonies convicted of them [*sic*].

"As priors, the juveniles, the [sections] 289 and 288, were quite some time ago. They were 1992. Defendant was 16 years old. I understand [defense counsel's] argument regarding the development of the brain at that age, but it was very egregious conduct. It was sexual assault on a 14 year old with a group while she was physically restrained. It's pretty severe conduct.

"He's 16. He could have learned from that. He could have learned from that adjudication going through the system as he got older. Instead he is convicted of another strike offense, . . . Section 459 first when he's 18 years old. He's 18 years old and he has the three strikes.

"So I did consider those priors are 23 and 25 years ago. However, he has continued to commit crimes . . . . He has had contact with the law. [¶] . . . [¶] So when I look at the egregiousness of his prior felonies and balance that with the fact that he was 16 years old when they took place and they were over 20 years ago, but when I take those factors into consideration and then his conduct since then, his character is evident. I agree, he appears to be someone who's going to continue to re-offend.

"[Defendant] is preying on and exploiting young girls for his benefit without regard to their well-being. It shows he has no regard to [*sic*] others.

"The current present felonies are extremely serious and egregious and show he has no regard for others. . . . [¶] I believe his character, based on everything that's before me, what's been shown is that of a cold, callus [*sic*], manipulative, a selfish person who's using young girls because he can use young girls. He can manipulate them to do what he wants them to do.

"This is not the rare instance where it would be in the interest of justice to strike any of his priors. He is exactly the type of defendant the Three Strikes Law was created for. For those reasons, the *Romero* motion is denied."

4

The court sentenced defendant to 95 years to life, plus six years determinate. The court imposed a restitution fine of $10,000 pursuant to section 1202.4, subdivision (b).

DISCUSSION

A.      *The* Romero *motion*

Defendant asserts the trial court abused its discretion by refusing to strike one of his three strikes under *Vargas, supra*, 59 Cal.4th 635. He claims the ruling was an abuse of discretion because his strike priors arose out of one incident and because the trial court neglected to consider the impact of his youthful age in analyzing his recidivism.

The Three Strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) uses a defendant's status as a recidivist to separately increase the punishment for each new felony conviction. (*People v. Williams* (2004) 34 Cal.4th 397, 404.) In reviewing a ruling not to dismiss a strike, the court "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams, supra*, 17 Cal.4th at p. 161.)

In *Vargas*, our Supreme Court held that two prior convictions arising out of a single act against a single victim cannot constitute two strikes under the Three Strikes law. (*Vargas, supra*, 59 Cal.4th at p. 637.) However, in the context of a *Romero* motion, *People v. Avila* (2020) 57 Cal.App.5th 1134 noted that *Vargas* does not apply to crimes which do not constitute a single act, even if they occur in the same course of conduct. Courts may still *consider* that "strikes were committed on the same occasion as relevant to the nature and circumstances of those crimes, even if that fact does not *compel* striking a prior." (*Avila, supra*, at p. 1141, fn. 6, original italics.) While a prior conviction may be stricken if it is remote in time and the defendant has had a crime-free "cleansing period of rehabilitation," when a defendant has led a continuous life of crime after the

5

prior, no such " 'washing out' " has occurred and the conviction should not be stricken based merely on remoteness. (*People v. Humphrey* (1997) 58 Cal.App.4th 809, 813.)

We review the trial court's decision for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 374.) "In reviewing for abuse of discretion, we are guided by two fundamental precepts. First, ' "[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." ' [Citations.] Second, a ' "decision will not be reversed merely because reasonable people might disagree. 'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.' " ' [Citations.] Taken together, these precepts establish that a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Id.* at pp. 376-377.)

Defendant's argument that the trial court abused its discretion by denying the *Romero* motion because his strike priors arose out of one incident lacks merit. Defendant's prior strikes do not arise out of the same act, and therefore *Vargas* does not compel striking. They instead were two separate criminal sex acts committed during the same course of conduct. Pursuant to *Avila*, the trial court could consider the fact that they occurred in the same course of conduct when determining whether to exercise discretion to strike a prior conviction for purposes of the Three Strikes law.

The trial court gave a detailed, well-reasoned analysis as to why it declined to strike defendant's priors. The court noted that the prior crimes had occurred more than 20 years earlier, when defendant was 16 and 18 years old. However, the court found defendant's conduct had been particularly egregious, and that he had continued to commit crimes. The court found defendant's current crimes were also egregious and involved him preying upon young women, indicating he is a "cold, callus [*sic*],

6

manipulative, and selfish person who's using young girls because he can use young girls." It is evident the trial court considered the *Vargas* reasoning, and found defendant was "exactly the type of defendant the Three Strikes Law was created for."

For these same reasons we find unpersuasive defendant's argument that the trial court neglected to consider the impact of defendant's youthful age in analyzing his recidivism. The court specifically noted it understood defense counsel's "argument regarding the development of the brain" at the age of 16 and 18, but found defendant's conduct to be "severe."

The trial court's decision not to strike any of defendant's strike priors was not "so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony, supra*, 33 Cal.4th at p. 377.) Accordingly, we find no abuse of discretion.

B.     *Ability to pay hearing*

Defendant asserts the trial court erred in not holding an ability to pay hearing before imposing the $10,000 restitution fine. The People contend this argument was forfeited because defendant failed to object in the trial court.

That a defendant must first object and demonstrate his inability to pay amounts imposed at sentencing is a long-standing and well-recognized rule. (See, e.g., *People v. Nelson* (2011) 51 Cal.4th 198, 227 [defendant's claim that the court erroneously failed to consider ability to pay a $10,000 restitution fine is forfeited by the failure to object]; *People v. Gamache* (2010) 48 Cal.4th 347, 409 [challenge to $10,000 restitution fine forfeited by failure to object to alleged inadequate consideration of defendant's ability to pay].) This is true regardless of whether defendant's ability to pay claims are constitutional in nature. (See *People v. Trujillo* (2015) 60 Cal.4th 850, 859 [constitutional exception to forfeiture rule did not apply to claim concerning failure to obtain express waiver of an ability to pay hearing]; *In re Sheena K*. (2007) 40 Cal.4th 875, 880-881 [noting long-standing rule that a constitutional right may be forfeited in

7

criminal proceedings by " ' "failure to make timely assertion of the right before a tribunal having jurisdiction to determine it" ' "].)

Defendant did not object to the imposition of the $10,000 restitution fine in the trial court. Accordingly, defendant has forfeited this argument.

For the first time on reply, defendant makes a perfunctory argument that his trial counsel's failure to object at trial was ineffective assistance of counsel. When a defendant raises an issue for the first time in a reply brief, we generally decline to address the issue. (See *People v. Duff* (2014) 58 Cal.4th 527, 550, fn. 9 [claim of ineffective assistance of counsel raised by defendant for the first time in reply brief is forfeited]; *People v. Harris* (2008) 43 Cal.4th 1269, 1290 [defendant's claim of ineffective assistance of counsel for failure to object to prosecutor's argument, made for first time in reply brief in response to waiver argument, "is as meritless as it is belated"].) Defendant does not even attempt to show good cause for his failure to raise this issue in his opening brief. We therefore exercise our discretion not to consider the argument.

DISPOSITION

The judgment is affirmed.

     KRAUSE     , J.

We concur:

     RAYE     , P. J.

     MAURO     , J.

8